Jasen, J.
Defendant was charged, in a one-count indictment, with manslaughter in the second degree (Penal Law, § 125.15) for causing the death of Kenneth Goings. At the trial, the defense requested that the court submit to the jury, in addition to the crime charged, the crime of criminally negligent homicide (Penal Law, § 125.10). The court refused, and the jury found defendant guilty as charged.
The sole issue upon this appeal is whether the trial pourt erred in refusing to submit to the jury the lesser crime of criminally negligent homicide.
Recently, in People v Stanfield (36 NY2d 467), the same issue was before us and we held that where a reasonable view *570 of the evidence supports a finding that a defendant committed this lesser degree of homicide, but not the greater, the lesser crime should be submitted to the jury. This view conforms with the requirements of CPL 300.50 (subd 1), which provides in pertinent part that "the court in its discretion may, in addition to submitting the greatest offense which it is required to submit, submit in the alternative any lesser included offense if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater. If there is no reasonable view of the evidence which would support such a finding, the court may not submit such lesser offense.”*
"The essential distinction between the crimes of manslaughter, second degree, and criminally négligent homicide”, we said in Stanfield (p 470), "is the mental state of the defendant at the time the crime was committed. (People v Haney, 30 NY2d 328, 333.) In one, the actor perceives the risk, but consciously disregards it. (Penal Law, § 15.05, subd 3.) In the other, he negligently fails to perceive the risk. (Penal Law, § 15.05, subd 4.) The result and the underlying conduct, exclusive of the mental element, are the same.” Although in Stanfield (p 471) we pointed out that "criminal recklessness and criminal negligence * * * may * * * be but shades apart on the scale of criminal culpability”, it would be incorrect to infer from Stanfield that in every case in which manslaughter, second degree, is charged, a defendant is entitled also to an instruction as to criminally negligent homicide.
In determining whether the defendant in this case was entitled to the charge of the lesser crime, the focus must be on the evidence in the record relating to the mental state of the defendant at the time of the crime. The record discloses that the defendant, 57 years old at the time of trial, had left his native Arabia at the age of 19, emigrating first to China and then coming to the United States three years later. He had lived in Rochester only a short time before committing the acts which formed the basis for this homicide charge. He testified that he had been of the Sudan Muslim religious faith since birth, and had become one of the sect’s leaders, claiming a sizable following. Defendant articulated the three central beliefs of this religion as "cosmetic consciousness, mind over *571 matter and psysiomatic psychomatic consciousness.” He stated that the second of these beliefs, "mind over matter”, empowered a "master”, or leader, to lie on a bed of nails without bleeding, to walk through fire or on hot coals, to perform surgical operations without anesthesia, to raise people up off the ground, and to suspend a person’s heartbeat, pulse, and breathing while that person remained conscious. In one particular type of ceremony, defendant, purportedly exercising his powers of "mind over matter”, claimed he could stop a follower’s heartbeat and breathing and plunge knives into his chest without any injury to the person. There was testimony from at least one of defendant’s followers that he had successfully performed this ceremony on previous occasions. Defendant himself claimed to have performed this ceremony countless times over the previous 40 years without once causing an injury. Unfortunately, on January 28, 1972, when defendant performed this ceremony on Kenneth Goings, a recent recruit, the wounds from the hatchet and three knives which defendant had inserted into him proved fatal.
We view the record as warranting the submission of the lesser charge of criminally negligent homicide since there is a reasonable basis upon which the jury could have found that the defendant failed to perceive the risk inherent in his actions. (People v Asan, 22 NY2d 526.) The defendant’s conduct and claimed lack of perception, together with the belief of the victim and defendant’s followers, if accepted by the jury, would justify a verdict of guilty of criminally negligent homicide. There was testimony, both from defendant and from one of his followers, that the victim himself perceived no danger, but in fact volunteered to participate. Additionally, at least one of the defendant’s followers testified that the defendant had previously performed this ritual without causing injury. Assuming that a jury would not believe that the defendant was capable of performing the acts in question without harm to the victim, it still could determine that this belief held by the defendant and his followers was indeed sincere and that defendant did not in fact perceive any risk of harm to the victim.
That is not to say that the court should in every case where there is some subjective evidence of lack of perception of danger submit the lesser crime of criminally negligent homicide. Rather, the court should look to other objective indications of a defendant’s state of mind to corroborate, in a sense, *572 the defendant’s own subjective articulation. Thus, in Stanfield, there was evidence from which the jury could have reasonably concluded that the victim herself did not view Stanfield’s actions as creating any risk of harm. (36 NY2d, at p 472.) Here, the evidence supporting defendant’s claimed state of mind is, if anything, stronger.
Therefore, on the particular facts of this case, we conclude that there is a reasonable view of the evidence which, if believed by the jury, would support a finding that the defendant was guilty only of the crime of criminally negligent homicide, and that the trial court erred in not submitting, as requested, this lesser offense to the jury.
Accordingly, we would reverse and order a new trial.

 If the court is authorized to submit a lesser included offense and either party requests that it do so, it most submit the lesser offense. (CPL 300.50, subd 2.)