Argued September 15, affirmed October 28, reconsideration
denied December 3, 1975, petition for review denied
January 13, 1976

# STATE OF OREGON, *Respondent, v.* KENNETH LEE MATTINGLY (No. 15-943, CA 4232), *Appellant.*

541 P2d 1063

174

*Gary L. Hooper,* Certified Law Student, Salem, argued the cause for appellant. With him on the brief were Gary D. Babcock, Public Defender, and Robert C. Cannon, Deputy Public Defender, Salem.

*Donald L. Paillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

SCHWAB, C. J.

Defendant was convicted of murder, ORS 163.-115(1)(b).[1] He assigns as error the trial court's failure to give his requested instructions on the lesser included crime of criminally negligent homicide.

On November 2, 1974, defendant picked up his two children at the apartment of his estranged wife, the victim, pursuant to his biweekly visitation rights. He returned the children about 5:30 the following day, eight or nine hours prior to the murder. About 2 a.m. defendant, after having spent the evening in various taverns, decided to return to his wife's apartment.

A violent fight occurred in which a knife was used.

---

[1] "Except as provided in ORS 163.125, criminal homicide constitutes murder when:

"* * * * *

"(b) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life * * *." ORS 163.115(1)(b).

Defendant received two stab wounds in the abdomen and a cut finger. The victim received six individual, significant stab wounds in her back, two deep wounds in her head, a number of other smaller, less evident stab wounds, and a fatal wound of the "left chest wall, lungs, liver, stomach, aorta and back bone."

Defendant testified that his wife attacked him with the knife, that he could remember the knife hitting his stomach, but that he had been and was still unable to recall any other blows.

The court instructed the jury on the crimes of murder and manslaughter, but refused defendant's request that it also instruct the jury on the lesser included crime of criminally negligent homicide.

The assignment of error presents two questions: (1) whether criminally negligent homicide is a "necessarily included" offense of reckless murder, and (2) if so, was there evidence which would have supported a verdict of criminally negligent homicide.

■ Under *State v. Washington,* 20 Or App 350, 531 P2d 743, Sup Ct *review allowed* (1975), criminally negligent homicide is a necessarily included lesser offense of reckless murder within the meaning of ORS 136.465.[2] Furthermore, this court has recognized murder, manslaughter and criminally negligent homicide as the functional equivalents of different degrees of criminal homicide, *State v. McCoy,* 17 Or App 155, 165-66, 521 P2d 1074, 1079, *aff'd* 99 Adv Sh 2289, 270 Or 340, 527 P2d 725 (1974). Therefore, as-

---

[2]
"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime." ORS 136.465.

suming there was evidence to support the requested instruction, it was required by ORS 136.460.[8]

The defendant's testimony did support the requested instructions. The jury could have found that the victim attacked the defendant with a knife, wounding him twice in the abdomen, that the defendant struggled with the victim over the knife, that the defendant gained control of the knife and stabbed the victim but in doing so he was unaware of the substantial and unjustifiable risk that her death would occur.

■ However, the trial court's failure to give the requested instructions on the lesser included offense does not warrant a reversal. *State v. McLean,* 255 Or 464, 468 P2d 521 (1970), and *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973), tell us that the basic requirement for affirmance despite error is that the error committed was very unlikely to have changed the result of the trial. That is the situation here.

Reckless murder is defined by ORS 163.115(1)(b) as criminal homicide "* * * committed recklessly under circumstances manifesting extreme indifference to the value of human life * * *."

The lesser offense of manslaughter is defined by ORS 163.125(1)(a) as criminal homicide "* * * committed recklessly * * *."

Recklessly is defined by ORS 161.085(9) as meaning "* * * that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur * * *."

---

[8]
"Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto or of an attempt to commit the crime or any such inferior degree thereof." ORS 136.460.

Criminally negligent homicide, ORS 163.145,[4] involves situations in which the actor is not aware of the risk of death. ORS 161.085(10) defines "criminally negligent" as meaning "* * * that a person fails to be aware of a substantial and unjustifiable risk that the result will occur * * *."

Thus the distinction between murder and manslaughter is only in the degree of awareness that death is a likely result which exists in the actor's mind at the time of the act. Since the jury was properly instructed on both murder and manslaughter and returned the verdict of guilty of murder, it must have found that the defendant was not simply aware of the risk that he had created, but that he had that higher degree of awareness which made his recklessness so extreme as to constitute the mental state necessary to the crime of murder. Given this, it would be illogical to conclude that the jurors, if instructed on criminally negligent homicide, might possibly have found that the defendant was unaware of the risk of death and therefore only guilty of that lesser offense.

Thus, it cannot be said that the failure to instruct on criminally negligent homicide prejudiced defendant by subjecting him to the

"* * * danger that a jury, certain that the defendant is guilty of some criminal conduct but uncertain about the precise crime charged, may elect to bring in a verdict of guilty on that crime rather than to grant the defendant outright acquittal." *State v. Williams,* 270 Or 152, 526 P2d 1384 (1974), dissenting opinion.

---

[4]

"(1) A person commits the crime of criminally negligent homicide when, with criminal negligence, he causes the death of another person.

"(2) Criminally negligent homicide is a Class C felony." ORS 163.145.

If the jury had been instructed only on one offense or if the jury had found the defendant here guilty of manslaughter, we would have a different situation, and very likely a different result.

Affirmed.