Charles **HEINLIN,** Plaintiff and Appellant,

v.

Samuel W. **SMITH,** Warden, Utah State Prison, Defendant and Respondent.

No. 14083.

Supreme Court of Utah.

Nov. 14, 1975.

**1082**

Thomas A. Jones, Salt Lake City, for plaintiff and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

HENRIOD, Chief Justice:

Appeal from a habeas corpus proceeding where defendant's petition was denied. Affirmed.

The trial court denied the petition based on stipulation and the record in a jury trial, where defendant was convicted of an automobile felony theft. He testified he had gone to the home of the driver-lessee, in Springville, Utah, where, having been told the latter was away, said he would wait. A few minutes later he admittedly stole the car and was apprehended on his way to California, which he admitted was his destination.

Immediately after being charged under Title 76–6–404 and 12, Utah Code Annotated 1953, his *court appointed counsel* separately sued, urging that defendant was in-

sane. The court thereupon sent defendant to the State Mental Hospital, whose representatives reported he fully appreciated the nature and wrongfulness of his act and was competent to stand trial.

On appeal, defendant's counsel asserted that his trial counsel was incompetent: That he 1) failed to move for suppression of certain of defendant's admissions made to peace officers incident to the taking without consent, *which he confirmed on the witness stand*; that he 2) failed to present the defense of "mental defect" under Title 76–2–305, U.C.A.1953; which to us *does not appear to be an. unreasonable strategem in light of the Hospital's report*; that he 3) failed to request an instruction on an "included offense,"—which also seems to be a not unreasonable, but a *likely tactic* involving the idea that counsel quite conscientiously may have concluded should be an all-or-nothing stance that better might lead to an outright acquittal, rather than a probable misdemeanor conviction;[1] and that he 4) neglected to apprise defendant of his right to an appeal.

It was stipulated that if defendant were called he would testify that he did not know he had such right, that neither court nor counsel advised him of it, and that if counsel were called he would say defendant did not ask him to perfect an appeal, nor did counsel discuss the matter with him, but that he, as an attorney, was of the opinion that there was no meritorious basis for an appeal,—all of which was to be given such weight as the court determined.

Such incompetence is urged by defendant under the so-called *Alires v. Turner*[2] test, to the effect that he "manifested no real concern about (defendant's) interests," and the so-called test in *Jaramillo v. Turner*,[3] in that he showed "a flagrant abuse of legal procedure as to amount to bad faith on the part of the lawyer."

1. *State v. Mitchell*, 3 Utah 2d 70, 278 P.2d 618 (1955) ; *State v. Valdez*, 19 Utah 2d 426, 432 P.2d 53 (1967) ; *State v. Villiard*, 27 Utah 2d 204, 494 P.2d 285 (1972).

2. 22 Utah 2d 118, 449 P.2d 241 (1969).

3. 24 Utah 2d 19, 465 P.2d 343 (1970).

Knowing the gentleman at which such a serious charge is levelled prompts us to suggest that it seems unwarranted, and appears to do violence to the reputation of a well-respected member of the Bar and community. Successfully he has been a member in good standing for nigh unto thirty years.

Defendant relies heavily on *Anders v. California,*[4] which technically is not dispositive here, since the appeal here is based on but one point: incompetence of counsel. Such conclusion hardly can be probated solely by defendant's opinion, or by such a sweeping indictment by one who does not seem to have claimed guiltlessness, but who practically admitted committing the offense by its own sworn testimony on the witness stand.

Nor is that case dispositive factually, which may be made evident by its comparison with the instant case; nor is it determinative simply because counsel, unasked, did not appeal.[5] We take it that even Anders would not wade out into such legal quicksand to trumpet such a discordant doctrine to the effect that an accused must have an appeal in every case, by competent counsel, which competency,—a fact question,—must be determinable, not by a jury of his peers, but by a split jury of nine veniremen.

The Anders case has to do more with procedure than competency of counsel, and though we believe the case not to be responsive to the situation here, where the defendant must have requested appointment of counsel, presumably only to denounce him,—and where he must have known that if his counsel were incompetent, as he claims, some other counsel likewise would be furnished upon request, to conduct an appeal onward and upward, until the second counsel, if unsuccessful, too, also might be denounced as incompetent. If the number of lawyers who have been appointed for and appear on behalf of a defendant, who have lost and who were claimed to be incompetent by the latter, were laid end to end, they might reach from Anders to Washington.

Though we have said we believe the Anders case has no factual comparison here, we suggest that the majority's veiled indictment of the intelligence and integrity of lawyers (and we understand counsel who sent the "no-merit" letter to the California Courts that believed and trusted him had many Brownie points to his credit) in our opinion may be ill-advised and hardly consonant with the legal conclusion and philosophy defined by three of the Court's members, who, through Mr. Justice Potter Stewart, telling about the whole thing better than we, gave the following Bill of Particulars, to the effect that:

"The quixotic requirement imposed by the Court can be explained, I think, only upon the cynical assumption that an appointed lawyer's professional representation to an appellate court in a "no merit" letter is not to be trusted. That is an assumption to which I cannot subscribe. I cannot believe that lawyers appointed to represent indigents are so likely to be lacking in diligence, competence, or professional honesty. Certainly there was no suggestion in the present case that the petitioner's counsel was either incompetent or unethical,"

to which we say "Amen" and let the Lower Court be praised.

ELLETT and CROCKETT, JJ., concur.

TUCKETT and MAUGHAN, JJ., concur in the result.

---

4. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. den. 388 U.S. 924, 18 L.Ed.2d 1377, 87 S.Ct. 2094.

5. *Duran v. Turner*, 30 Utah 2d 249, 516 P.2d 353 (1973).