STATE OF OREGON, *Respondent,*

*v.*

MICHAEL HERMAN GOLDSBERRY, *Appellant.*

(No. 96129, CA 7614)

569 P2d 646

J. Michael Alexander, Salem, argued the cause for
appellant. With him on the briefs was Brown, Burt &
Swanson, P.C., Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant, charged with manslaughter in the first degree, was convicted upon trial by jury of criminally negligent homicide.[1] The facts giving rise to the fatal shooting are:

The victim, Mr. Foltz, and his wife separated in October 1975, and dissolution proceedings were commenced. Mrs. Foltz continued to live at the former family home while Mr. Foltz resided elsewhere. Shortly after the separation, Mrs. Foltz and defendant began living together at the former family residence. There were several arguments between defendant and Mr. Foltz regarding the living arrangement over a period of several months. On the day of the fatal shooting in May 1976, Mr. Foltz came to the house where Mrs. Foltz and defendant resided. Defendant, armed with a handgun, met Mr. Foltz at the front door. A scuffle ensued; Mr. Foltz fell fatally wounded from a single shot.

Defendant was charged with manslaughter in the first degree[2] and a jury trial followed.

■ At the request of the state and over objection of defendant the trial court instructed on the lesser included offenses of manslaughter in the second degree and criminally negligent homicide. Defendant contends that the instruction on the lesser included

---

[1] ORS 163.145 provides:

"(1) A person commits the crime of criminally negligent homicide when, with criminal negligence, he causes the death of another person.

"(2) Criminally negligent homicide is a Class C felony."

[2] ORS 163.118 provides:

"(1) Criminal homicide constitutes manslaughter in the first degree when:

"(a) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life; or

"(b) It is committed intentionally under circumstances not constituting murder.

"(2) Manslaughter in the first degree is a Class A felony."

offense of negligent homicide was prejudicial error. We find it was not error.[3]

■ As defendant concedes, criminally negligent homicide is a lesser included offense of criminal homicide. *State v. Mattingly,* 23 Or App 173, 175, 541 P2d 1063, 1064 (1975), Sup Ct *review denied* (1976); *see also State v. McCoy,* 17 Or App 155, 165-66, 521 P2d 1074, 1079, *aff'd* 270 Or 340, 527 P2d 725 (1974).

■ Either prosecution or defense may request instructions pertaining to lesser included offenses. ORS 136.465;[4] *Fuller v. United States,* 407 F2d 1199, 1230 (DC Cir 1967), *cert denied* 393 US 1120 (1969); *State v. Washington,* 273 Or 829, 836, 543 P2d 1058, 1062 (1975). Indeed, in *State v. Mattingly, supra,* we held it was wrong for a trial court to refuse a defense request for an instruction on criminally negligent homicide when the defendant was charged with murder. Given the rule of reciprocity followed in this jurisdiction[5] the state is equally entitled to such an instruction when requested.

■■ Once it is established that the instruction requested relates to an offense lesser than but included in the charged offense, the only restriction upon entitlement to such instruction is

"* * * that there must be evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rational-

---

[3]Defendant additionally excepted to the trial court's failure to give an instruction regarding alleged criminal trespass and potential burglary by the victim as giving rise to the defense of justifiable use of force to prevent the commission of a crime. The requested instruction was neither accurate nor complete. Accordingly, failure to give it was not error. *State v. Davis,* 18 Or App 125, 127, 523 P2d 1283, 1284, Sup Ct *review denied* (1974).

[4]ORS 136.465 provides:

"In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which he is charged in the accusatory instrument or of an attempt to commit such crime."

[5]For a discussion of the development of reciprocity for requesting instructions pertaining to lesser included offenses, see *State v. Washington,* 273 Or 829, 837-38, 543 P2d 1058, 1062 (1975).

ly and consistently find the defendant guilty of the lesser offense and innocent of the greater * * *." *State v. Washington, supra* at 836.

Here, the only question of fact appears to be whether the defendant was sufficiently aware of the substantial risks he was creating to remove him from the coverage of the criminal negligence statute. Defendant himself testified that he intentionally fired the gun. He also testified that he did not intend to kill Mr. Foltz. Other witnesses testified that the handgun possibly discharged as a result of being struck by Foltz's own actions. Such testimony was sufficient to justify the criminal negligence instruction.

The remaining assignment of error does not warrant discussion.

Affirmed.