Eddie LOWE *v.* STATE of Arkansas

CR 77-214 570 S.W. 2d 253

Opinion delivered September 11, 1978
(Division I)

*David R. Powell,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was found guilty by a jury of negligent homicide and his punishment assessed at one year's imprisonment in the county jail and a fine of one thousand dollars. We affirm since we find no merit in any of appellant's numerous contentions for reversal.

Appellant first contends that the trial court erred by refusing to instruct the jury that a higher degree of negligence is required in a criminal case than in a civil case ("a mere civil issue"). We first observe that the proffered instruction did not tell the jury what constitutes civil negligence. Further, the court correctly and adequately instructed the jury as to what degree of negligence is required to constitute negligent homicide. The instruction contained the language of Ark. Stat. Ann. § 41-203 (4) (Repl. 1977) which defines the required negligence.

Next, appellant argues that the trial court erred by refusing to give his proffered instruction which concerned the obligation of the jurors in their deliberation and their duty to make a sincere effort to arrive at a verdict which each juror feels "is consistent with his conscience and sense of right." This is commonly known as the "Allen" charge which we have approved whenever the jurors have been unable to reach unanimity. See *Evans* v. *State,* 252 Ark. 335, 478 S.W. 2d 874 (1972). Here, however, this instruction was offered as an original instruction and before any deliberation by the jury. The court had already charged the jury with respect to the performance of their duties and responsibilities. Certainly, it cannot be said that the trial court abused its discretion in refusing appellant's proffered instruction.

Appellant asserts that the court erred in instructing the jury on the lesser offense of negligent homicide, contending that negligent homicide is not a lesser included offense of manslaughter. Ark. Stat. Ann. § 41-105 (2) (Repl. 1977)

provides that "[a] defendant may be convicted of one offense included in another offense with which he is charged." The statute further provides that "[a]n offense is so included if:... (c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission." Manslaughter is committed when a person recklessly causes the death of another person. Ark. Stat. Ann. § 41-1504 (Repl. 1977). A person commits negligent homicide when he negligently causes the death of another person. Ark. Stat. Ann. § 41-1505 (Repl. 1977). Arkansas' new criminal code now recognizes four kinds of culpable mental states: two of these are denominated as "recklessly" and "negligently." Ark. Stat. Ann. § 41-203 (3) and (4) (Repl. 1977). There the respective statutory test is whether the actor perceived the substantial risk of death and disregarded it (reckless conduct) or failed to perceive the risk of death in the first place (negligent conduct). Thus, the only difference between manslaughter and negligent homicide is the mental state of the actor. Therefore, negligent homicide, which requires a lesser culpable mental state than manslaughter, is a lesser included offense of manslaughter. The comments to Ark. Stat. Ann. § 41-1505 (Repl. 1977) support this view. There it is stated that manslaughter is committed if a driver acts recklessly, while negligent homicide is committed if he acts negligently. Consequently, it was not error for the court to include the instruction on the lesser included offense.

Appellant next asserts that the court erred in not giving a special verdict form to the jury which required them to specifically find that appellant was the driver of the automobile involved in the accident. Ark. Stat. Ann. § 43-2144 (Repl. 1977) provides that the jury may render either a general or special verdict. The appellant cites us no statute or case law which mandates the court to give the special verdict form as requested here. Suffice it to say, the general verdict of guilty implied a finding by the jury that appellant was the driver of the vehicle which caused the death of another person. The court did not abuse its discretion in refusing appellant's requested special verdict.

Appellant further asserts that the evidence was insuf-

ficient and, therefore, the court erred in overruling his motion for a directed verdict. Appellant questions the sufficiency of the evidence with respect to his identity as the driver of the car and also any "wrong doing" as the driver of the car. The state adduced evidence from two state troopers that, while they were patrolling a highway, their radar indicated an automobile was approaching at 76 mph. The officers turned on their blue lights as the car passed them, their spotlight illuminated the car and the driver, who was wearing a dark cap. One of the officers, having known the appellant for approximately five years, identified the appellant as the driver. The officers turned around and pursued the speeding car. The driver of the vehicle refused to heed the officers' pursuit and tried to negotiate a turn at a highway junction. Another car was stopped at this junction. The driver of the speeding car was unable to make the turn and collided with the stopped vehicle, causing death of a passenger in the stopped vehicle. The physical facts indicate that the speeding vehicle left 98' of scuff marks before impact and 49' afterwards. The stopped vehicle was knocked 73' from the point of impact. The driver of the speeding car fled the scene. Appellant was arrested about five hours later wearing dark clothes and a dark cap and with bloody spots on his face.

§ 41-1505, *supra,* provides: "A person commits negligent homicide if he negligently causes the death of another person." The comment to the statute reads that it "is designed to cover conduct producing liability because the actor negligently fails to perceive that his conduct creates a substantial and unjustifiable risk of death to another." When we view the evidence in the light most favorable to the appellee, as we must do on appeal, we consider it amply sufficient and substantial.

It is next contended that the court erred in permitting the prosecutor to impeach appellant's character witness through the use of alleged prior bad acts of appellant. Appellant did not testify. However, he produced a character witness who was allowed to testify that he had personally known appellant approximately twelve years and that appellant had always been truthful to him and exhibited good moral character. The state had objected to the question as being improper asserting that appellant's truthfulness and

good character had no place in evidence and a proper foundation was not laid. The prosecutor was permitted to ask this character witness on cross-examination if he, himself, had any knowledge about appellant having had any "trouble" or "some minor scrapes" with the law. Certainly, the court did not abuse its discretion in permitting this cross-examination to test the knowledge of the character witness since it was admittedly based upon his personal acquaintance with appellant. See *Allen* v. *State,* 260 Ark. 466, 541 S.W. 2d 675 (1976).

It is finally argued that the court erred when it refused appellant's effort on recross-examination to elicit testimony from the investigating police officers as to whether alcohol was found in the vehicle in which the deceased passenger was riding. The court was correct. There was no evidence that the stopped vehicle or its driver, in any way, contributed to the accident. Obviously, the information sought was irrelevant to the issue. Being irrelevant to the existence of any fact issue, it was not admissible. Ark. Stat. Ann. § 28-1001, Rules 401 and 402 (Supp. 1977).

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.