Hillsborough
No. 80-162

### The State of New Hampshire

v.

### James F. Cameron

May 7, 1981

*Gregory H. Smith*, attorney general (*Peter W. Mosseau*, assistant attorney general, on the brief and orally), for the State.

*Shaw, Reams & Woods*, of Exeter, and *Sanders & McDermott P.A.*, of Hampton (*James M. Reams* and *James A. Shuchman* on the brief and *Mr. Reams* orally), for the defendant.

PER CURIAM. In this second-degree murder case, we decide that the trial court committed reversible error when it refused to instruct the jury on the offense of negligent homicide after having granted the State's request for an instruction on the offense of manslaughter.

The defendant is a four-year veteran of the Marine Corps. He has had extensive training and experience with a variety of weapons. He owns at least five weapons. At the time of the alleged crime, he and his wife had been married for eleven years. Three days before the incident, he discovered that she had been seeing another man. He planned to divorce her, but after some discussion they decided to remain together. In the late afternoon of March 13, 1979, they were in their bedroom discussing which one of them would pick up the children at the sitter's house. The defendant picked up a revolver which was on the nightstand and was passing it from hand to hand when it discharged and killed his wife.

The defendant was charged with second-degree murder (RSA 630:1-b I(a)). The indictment alleged that the defendant had knowingly caused the death of his wife by shooting her in the head with a .44 Magnum revolver.

At trial, expert witnesses testified and the defendant admitted that the gun had to be cocked by manually pulling the hammer back before it could be discharged. The defendant claimed he did not do it intentionally. He also testified that he did not intentionally shoot his wife and that, although he had loaded the gun on an earlier date, he did not remember that it was loaded.

At the request of the State, the Trial Court (*Bean*, J.) charged the jury that it could find the defendant guilty of the lesser-included offense of manslaughter if it determined that the defendant had recklessly caused the death of his wife. The defendant made a timely request that the jury be instructed on the offense of negligent homicide. The court denied this request, subject to the defendant's exception. The defendant was convicted of manslaughter and he appealed.

The defendant contends that, on the evidence before it, the jury could have found that he acted negligently rather than recklessly. He therefore argues that the jury should have been permitted to find him guilty of the lesser-included offense of negligent homicide and that the court erred in refusing to instruct the jury on that offense. We agree.

A person acts recklessly when he is aware of and consciously disregards a substantial and unjustifiable risk. RSA 626:2 II(c). The risk must be such that, considering the circumstances known to him, its disregard constitutes a gross deviation from the conduct that law-abiding persons would observe in the situation. *Id.*

On the other hand, a person acts negligently when he fails to become aware of a substantial and unjustifiable risk. RSA 626:2 II(d). The risk must be such that a failure to become aware of it constitutes a gross deviation from the conduct that a reasonable person would observe in the situation. *Id.*

■■ Negligent homicide is clearly a lesser-included offense of second-degree murder and of manslaughter, see *State v. Pugliese*, 120 N.H. 728, 730, 422 A.2d 1319, 1321 (1980); *State v. Howland*, 119 N.H. 413, 416, 402 A.2d 188, 191 (1979), and the State has conceded this point. A defendant is entitled to have a lesser-included offense instruction given when the evidence furnishes a rational basis for a finding of guilt on the lesser offense rather than on the greater offense. *State v. Boone*, 119 N.H. 594, 597, 406 A.2d 113, 114 (1979); *State v. Howland*, 119 N.H. at 417, 402 A.2d at 191.

■ The State requested and received a charge on the lesser offense of manslaughter based on recklessness. The State argues that the evidence, although justifying an instruction on manslaughter, does not justify one on negligent homicide. The differ-

ence between recklessness and negligence is that a person is reckless if he is aware of and consciously disregards a substantial risk that a material element of the crime exists or will result from his conduct, whereas one is negligent when he fails to become aware of a substantial risk that an essential element of the crime exists or will result from his conduct. RSA 626:2 II(c), (d). Under our Criminal Code, both must constitute a gross deviation from the conduct of a reasonable person. *Id.* The State contends that the risk in this case was that the wife would be killed and that, given the defendant's knowledge of guns, a finding that he knew of the risk was compelled and therefore a charge on negligent homicide was not warranted.

The risk of death to the wife, however, depended upon the gun being loaded. Consequently, the defendant's knowledge of that risk depended upon whether he knew that the gun was loaded. He testified that he did not know the gun was loaded at the time in question, and this created an issue for the jury to decide. If the defendant did not know that the gun was loaded, then he could be found not to have been aware of the risk of death to his wife but instead negligent in failing to become aware of the risk.

■■ Under all the circumstances, including the mental distress resulting from finding out that his wife had been unfaithful to him and the emotional strain of deciding whether or not to divorce her, we cannot say that the jury would not be justified in believing that the defendant had forgotten that he had loaded the gun. Thus, the evidence would justify a finding of guilt of negligent homicide rather than manslaughter, and it was error not to submit the issue to the jury.

■ The defendant also claims that he did not have a fair opportunity to prepare for trial because of the late appointment of a second lawyer to assist his attorney and the late granting of the defendant's motion to have a firearms expert approved as an expert witness. The defendant was not charged with a capital offense and was not entitled to more than one counsel. RSA 604-A:2. We need not consider the claim regarding the expert in view of the fact that there must be a new trial.

■ Of course, the conviction for the lesser-included offense of manslaughter constituted an acquittal on the charge of second-degree murder which bars a retrial on that charge. *Green v. United States*, 355 U.S. 184, 190 (1957); *see State v. Pugliese*, 120 N.H. at 730, 422 A.2d at 1321.

*Conviction set aside; remanded.*