Walter Preston BOGGESS, Jr., Plaintiff,

v.

STATE of Utah, Defendant.

No. 17983.

Supreme Court of Utah.

Sept. 13, 1982.

Randall Gaither, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for defendant.

HOWE, Justice:

The defendant, Walter Preston Boggess, Jr., was tried for the shooting death of his wife. A jury convicted him of manslaughter and he was sentenced to a term of 1 to 15 years in the Utah State prison. He alleges error in that the trial judge failed to instruct the jury on a lesser included offense and failed to grant a mistrial as a result of juror bias. Defendant also alleges that he was denied effective assistance of counsel in violation of his constitutional rights.

This case is before us for the third time. On October 16, 1979, we dismissed defendant's appeal without consideration of its merits because he had not filed his notice of appeal on time. *State v. Boggess,* Utah, 601 P.2d 927 (1979). On July 20, 1981, we vacated an order of the district court granting defendant a writ of habeas corpus which released him from prison, but simultaneously granted a writ of certiorari so that we might directly review defendant's allegations of error at his trial. *Boggess v. Morris,* Utah, 635 P.2d 39 (1981).

The record shows that on March 2, 1978 the defendant and his wife were sitting across from each other at a kitchen table in their home. Defendant was smoking a pipe of marijuana and playing with his single action .44 magnum caliber revolver. He had loaded and unloaded the pistol and was pointing it at various targets within the room and dry-firing. His wife asked him to unload the gun. Defendant answered by pointing the gun in her direction and saying, "It's not loaded." Defendant then pulled the trigger and the pistol discharged a bullet which struck her in the chest. Defendant phoned the police who found Mrs. Boggess dying on the floor. Later that day, following the death of his wife, defendant was arrested and charged with second degree murder. After being advised of his *Miranda* rights, he admitted the shooting. At his trial, the jury was in-

structed as to second degree murder and manslaughter. A verdict of guilty of manslaughter was returned.

■ Defendant contends that the trial judge committed error by his failure to instruct the jury on the offense of negligent homicide which he asserts is a lesser included offense. Counsel for the defendant did not request such an instruction. While the defendant now charges that his counsel was negligent in failing to do so, it appears that it was intentional on the part of counsel as part of his trial strategy to obtain a conviction of manslaughter instead of murder. The State argues that negligent homicide is not an included offense and an instruction on that offense would have been improper. We need not here decide those questions since under any reasonable view of the evidence as to the defendant's intent, which evidence was largely undisputed in this case, there was no evidence to support a verdict of guilty of negligent homicide. *State v. Gillian,* 23 Utah 2d 372, 463 P.2d 811 (1970); *State v. Mitchell,* 3 Utah 2d 70, 278 P.2d 618 (1955).

Section 76–5–206, U.C.A. 1953 provides: (1) Criminal homicide constitutes negligent homicide if the actor, acting with criminal negligence, causes the death of another.

Section 76–2–103(4) provides that a person is criminally negligent when

he ought to be aware of a substantial and unjustifiable risk that circumstances exist or the result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that an ordinary person would exercise in all the circumstances as viewed from the actor's standpoint.

The defendant did not claim that he was unaware of the danger associated with the use of guns. He admitted that he should have looked to have seen if the gun was unloaded before he fired it, but he did not. He noted that his action was a "hell of a way to show it's unloaded." Even though he thought the gun was unloaded, defendant knew it was dangerous to have pointed it at his wife and pulled the trigger. In view of this evidence as to the defendant's knowledge concerning the inherent danger of firearms and the recklessness of his conduct towards his wife, the evidence would not admit of a finding that he was unaware but should have been aware of a substantial and unjustifiable risk, or that he failed to perceive the nature and degree of the risk—all of which is necessary to constitute criminal negligence. To the contrary, the defendant's own testimony establishes a state of mind found in manslaughter. He repeatedly characterized his action as "reckless" which under § 76–5–205 constitutes manslaughter. There being no evidence to support a verdict of negligent homicide under the peculiar facts of this case, it clearly was not error for the court to have failed to have given an instruction on that crime.

■ Defendant's next assignments of error are interrelated and will be considered together. He complains that the trial judge erred by not declaring a mistrial. During the course of the trial, counsel for the defendant received hearsay information that one of the jurors had expressed the opinion before the commencement of the trial that the defendant should hang for killing his wife. Counsel registered an objection to this alleged bias and reserved the right to move for a mistrial after the verdict was returned but he did not do so. Defendant asserts that the failure of his attorney to make a motion for mistrial and his failure to request a jury instruction on the lesser included offense of negligent homicide demonstrates that he was denied the effective assistance of counsel as guaranteed by our Federal Constitution.

The Sixth Amendment to the United States Constitution provides that: "... the accused shall enjoy the right ... to have the Assistance of counsel for his defence." Commenting on the right to counsel we said in *State v. McNicol,* Utah, 554 P.2d 203 (1976) at 204, "He is entitled to the assistance of a competent member of the Bar, who shows a willingness to identify himself with the interests of the accused and

presents such defenses as are available under the law and consistent with the ethics of the profession." See also *Heinlin v. Smith,* Utah, 542 P.2d 1081 (1975) and *State v. Gray,* Utah, 601 P.2d 918, 919 (1979).

We have already pointed out that the defendant was not entitled to an instruction on negligent homicide and hence counsel's failure to request an instruction on that offense does not give rise to any basis for incompetency. As to counsel's failure to move for a mistrial on the basis of the alleged biased statement of a juror, we must presume that he diligently explored the alleged statement, found it to be groundless, and therefore did not make a motion for a mistrial. The record does not contain any evidence to the contrary and we would be unwarranted in presuming incompetency of counsel in view of this paucity in the record. Furthermore, it may well have been part of his strategy to not seek a mistrial after the defendant was only found guilty of the lesser charge of manslaughter.

The judgment and sentence are affirmed.

HALL, C.J., and OAKS, J., concur.

DURHAM, J., does not participate herein.

TAYLOR, District Judge, sat, but died before the opinion was filed.

STEWART, Justice (concurring):

I concur that the trial court did not err in not giving an instruction on negligent homicide because the defendant failed to ask for the instruction. But I do not agree with the view that there was no evidence to support such an instruction. I submit the majority seriously misconstrues the law of lesser included offenses and that had an instruction on criminal negligence been requested, it would have been reversible error to have refused it.

Defendant was convicted of manslaughter under Utah Code Ann., 1953, § 76–5–205, for recklessly causing the death of his wife. A person commits negligent homicide under § 76–5–206 when he causes the death of another while acting with criminal negligence. One engages in reckless conduct "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur."[1] § 76–2–103(3). One engages in criminally negligent conduct "when he ought to be aware of a substantial and unjustifiable risk that the circumstances exist or the result will occur."[1] § 76–2–103(4). The sole difference is whether the defendant actually knew of the risk or should have known of the risk.

The gravamen of the crime of negligent homicide is the same as that for reckless manslaughter. The only distinction between the two crimes is the mental state of the defendant at the time the crime was committed. In one, the actor perceives the risk but unreasonably disregards it; in the other, he simply negligently fails to perceive the risk. In tort law those two concepts are generally denominated assumption of risk and contributory negligence. Because the two concepts are so closely related, we have abolished the traditional terminology in civil cases. *Moore v. Burton Lumber Co.,* Utah, 631 P.2d 865 (1981).

Courts generally have held that negligent homicide is a lesser included offense of reckless manslaughter. *E.g., State v. Parker,* 128 Ariz. 107, 624 P.2d 304 (1980); *Lowe v. State,* 264 Ark. 205, 570 S.W.2d 253 (1978); *Till v. People,* Colo., 581 P.2d 299 (1978); *State v. Smith,* Conn., 441 A.2d 84 (1981); *People v. Strong,* 37 N.Y.2d 568, 338 N.E.2d 602, 376 N.Y.S.2d 87 (1975); *State v. Cameron,* 121 N.H. 348, 430 A.2d 138 (1981); *Aliff v. State,* Tex.Cr.App., 627 S.W.2d 166 (1982). *See State v. Mattingly,* 23 Or.App. 173, 541 P.2d 1063 (1975).

In *People v. Stanfield,* 36 N.Y.2d 467, 330 N.E.2d 75, 369 N.Y.S.2d 118 (1975), a case not unlike the instant, defendant was convicted of reckless manslaughter for shooting his common law wife. The defendant

---

1. Under our code the conduct constituting both criminal negligence and recklessness must result in "a gross deviation" from the standard of care exercised by an ordinary person. § 76–2–103(3)–(4).

had cocked the hammer of his pistol, pointed the barrel upward at about a 45 degree angle but in the direction of his wife who stood very close to him, and told her he was going to shoot her. His wife responded, " '[D]on't mess with the gun like that,' and then slapped his hand or arm." The weapon discharged and inflicted the mortal wound. In holding that the trial court erred in not instructing on criminal negligence, the court stated:

> [C]riminal recklessness and criminal negligence with respect to a particular result—there homicide—may in a particular case, if not hypothetically or definitionally, be but shades apart on the scale of criminal culpability. And the distinction between the two mental states is less clear practically than theoretically.... [I]t seems manifest that in a practical, if not a literal definitional sense, if one acts with criminal recklessness he is at least criminally negligent. Moreover, negligence may, in a particular case, quickly, even imperceptibly, aggravate on the scale of culpability to recklessness.

*Id.* at 471, 330 N.E.2d at 77, 369 N.Y.S.2d at 121.

In *People v. Strong,* 37 N.Y.2d 568, 338 N.E.2d 602, 376 N.Y.S.2d 87 (1975), defendant, a leader in the Sudan Muslim religion, purportedly exercised his powers of "mind over matter" in a religious ceremony that he had apparently performed successfully on prior occasions in which he stops a follower's heartbeat and breathing and plunges knives into the victim's chest without any injury to the person. This time, however, the wounds from the knives proved fatal. The court held:

> We view the record as warranting the submission of the lesser charge of criminally negligent homicide since there is a reasonable basis upon which the jury could have found that the defendant failed to perceive the risk inherent in his actions....
>
> That is not to say that the court should in every case where there is some subjective evidence of lack of perception of danger submit the lesser crime of crimi-

nally negligent homicide. Rather, the court should look to other objective indications of a defendant's state of mind to corroborate, in a sense, the defendant's own subjective articulation....

> ... [O]n the particular facts of this case, we conclude that there is a reasonable view of the evidence which, if believed by the jury, would support a finding that the defendant was guilty only of the crime of criminally negligent homicide, and that the trial court erred in not submitting, as requested, this lesser offense to the jury.

*Id.* at 571–72, 338 N.E.2d at 604–05, 376 N.Y.S.2d at 89–90.

On the particular facts of this case, I think the conclusion is inescapable that there is a reasonable view of the evidence which would support an acquittal of reckless manslaughter and a conviction for criminal negligent homicide. The defendant testified, *and the State concedes, that the defendant did not think that the gun was loaded.* Thus, the State in effect concedes that defendant did not consciously disregard the risk because, if as believed, the gun was unloaded, there was no risk.

In a factual setting similar to the instant case, the court in *State v. Cameron,* 121 N.H. 348, 430 A.2d 138 (1981), stated:

> The risk of death to the wife, however, depended upon the gun being loaded. Consequently, the defendant's knowledge of that risk depended upon whether he knew that the gun was loaded. He testified that he did not know the gun was loaded at the time in question, and this created an issue for the jury to decide. If the defendant did not know that the gun was loaded, then he could be found not to have been aware of the risk of death to his wife but instead negligent in failing to. become aware of the risk.

*Id.* 430 A.2d at 140. The court's logic in *Cameron* has equal force in the instant case.

I submit that the majority errs in stating that criminal negligence in this case is not a lesser included offense of reckless manslaughter "since under any reasonable view of the evidence as to the defendant's intent

... there was no evidence to support a verdict of guilty of negligent homicide." The difficulty with the majority opinion, as I see it, goes deeper, however, than this particular case. The difference between negligence and recklessness is not marked by a sharp analytical line. On the contrary, the difference generally lies in making a judgment as to where on a continuum of unreasonable conduct one's behavior passes from negligence to recklessness. In essence it is a matter of judging when conduct is no longer just gray but dark gray. Such judgments are for juries to make, not judges by refusing to instruct on lesser offenses. It is the jury, after all, that brings a collective experience and judgment that no judge can duplicate in making judgments based on everyday experiences.