STATE of Utah, Plaintiff and
Respondent,

v.

William Harrison CLAYTON,
Defendant and Appellant.

No. 17166.

Supreme Court of Utah.

Jan. 31, 1983.

Shelden R. Carter, Provo, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

Appealing from a jury conviction of attempted murder in the second degree, U.C.A., 1953, § 76–5–203, defendant contends that the district court erred (1) by refusing to instruct the jury on the elements of manslaughter; (2) by excluding evidence of the victim's reputation for carrying weapons; (3) by refusing to instruct the jury that it must consider all lesser degrees of an offense simultaneously; and (4) by confusing the jury by instructing on two lesser included offenses having identical elements.

On the afternoon of November 14, 1979, defendant was drinking, smoking marijuana, and playing pool in a bar and billiards hall in Provo with the victim, Edward Long, and a friend. After a couple of hours, the three men were invited upstairs to another friend's apartment, where they continued drinking and smoking marijuana. The defendant and Long began to spar in fun. When the sparring escalated into a serious altercation, defendant pulled a knife. The two friends intervened, and one knocked the knife from defendant's hand. Thereafter, defendant twice grabbed Coke bottles and threatened Long with them. During the altercation, Long pushed defendant backward into a window. It broke as the defendant fell, but he was not cut or injured. During this time, Long never threatened the defendant with any type of weapon. When the fight was broken up, defendant left, and Long and the two other men, thinking the incident had ended, returned to the bar.

After leaving the apartment, defendant drove to Long's home, where he was staying. He entered the bedroom and retrieved his .45 Colt pistol. Long's wife asked defendant what was the matter and where he was going with the gun, but he did not respond. Defendant returned to the pool hall about fifteen or twenty minutes after he had left the other men. He entered by the back door, carrying his gun at his side. As he approached Long, one friend intercepted him and tried to persuade him to stop, go outside, and calm down. Defendant told the friend that it wasn't his fight and to get out of the way or he would shoot him. Defendant pushed the friend aside and walked up behind Long, who was seated at the bar. He put the gun in Long's back and put his arm around Long's head, addressing him with words to the effect of "mess with me now; let's see how big a man you are now." Defendant then backed away from Long until about six feet separated them. An argument ensued between them. Long had nothing in his hand; he made no sudden moves toward the defendant nor did he reach for his pocket. Witnesses testified that Long actually moved away from defendant. Defendant raised his pistol, shot Long in the abdomen, and fled the pool hall.

The jury found defendant guilty of attempted murder in the second degree. He was given a one-to-fifteen-year sentence, and took this appeal.

1. Defendant first contends that the district court erred in refusing to instruct the jury on the elements of manslaughter, U.C.A., 1953, § 76–5–205(b) ("under the influence of extreme mental or emotional disturbance for which there is a reasonable explanation or excuse") and (c) ("under circumstances where the actor reasonably believes the circumstances provide a moral or legal justification or extenuation for his conduct"). Instead, the district court instructed the jury generally as to the use of force in self-defense, stating that the defendant's use of deadly force was justified if he reasonably believed that it was necessary to prevent death or serious bodily injury to himself or to prevent the commission of a forcible felony, but that the use of deadly force was not justified if defendant was the aggressor. U.C.A., 1953, § 76–2–402.

By statute, the trial court is not "obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." U.C.A., 1953, § 76-1-402(4). To the same effect, see *State v. Boggess,* Utah, 655 P.2d 654 (1982); *State v. Howard,* Utah, 597 P.2d 878, 880 (1979); *State v. Hendricks,* Utah, 596 P.2d 633, 634 (1979); *Beck v. Alabama,* 447 U.S. 625, 635–36, 100 S.Ct. 2382, 2388–89, 65 L.Ed.2d 392 (1980).

■ The evidence in this case does not provide the requisite "rational basis" for defendant's requested instruction on attempted manslaughter. The passage of time between the fight and defendant's return to the bar tends to negate the "heat of passion" explanation. Further, defendant testified that in returning to the bar he acted purposefully with the stated intent of collecting from the victim the title to his car and some money owed him. He testified that he brought the gun with him for his safety and protection. The evidence offers no rational basis for the jury to conclude that defendant's passion preponderated over his malice so as to satisfy the requirement of "extreme mental or emotional disturbance" and entitle him to a jury instruction regarding attempted manslaughter. *State v. Ross,* 28 Utah 2d 279, 282–83, 501 P.2d 632, 634–35 (1972).

■ Neither does the record offer a rational basis for the jury to conclude that the defendant acted in the reasonable belief that the circumstances provided a moral or legal justification or extenuation for his conduct. Although defendant testified that he shot Long to protect himself from an anticipated knife attack, the victim and two eyewitnesses testified that Long had nothing in his hands, made no sudden moves, did not reach for his pocket or threaten the defendant in any way. In fact, the record makes clear that defendant deliberately reentered the bar as the aggressor.[1] In the face of this evidence, if defendant believed as he argues, his belief did not meet the statutory standard of reasonableness.

Because the record provides no "rational basis" to support a conviction for attempted manslaughter, the district court did not err in refusing to instruct the jury as to that offense. *State v. Pierre,* Utah, 572 P.2d 1338, 1353–54 (1977).

2. Defendant contends that his claim of self-defense was prejudiced by the district court's refusal to admit evidence of the victim's "reputation for carrying weapons." Defendant testified that the victim reached into his pocket for what the defendant thought was a weapon. Invoking U.C.A., 1953, § 76-2-402(1), defendant argues that he reasonably believed the use of deadly force was necessary to prevent death or serious bodily injury to himself or to prevent the commission of a forcible felony. Defendant sought to introduce evidence of the victim's reputation for carrying weapons to support his claim of self-defense by showing that he had a justified apprehension that the victim was armed on the afternoon of the shooting. 1 A.L.R.3d 571, 574 (1965).

■ Utah has opted for more limited admissibility than most jurisdictions, and "do[es] not permit evidence of specific acts of violence, short of criminal conviction, to prove the [victim's] violent character." *State v. Howell,* Utah, 649 P.2d 91, 96 (1982). Nevertheless, Rule 46 of the Utah Rules of Evidence makes evidence of reputation admissible to prove "a person's character or a trait of his character . . . ." Assuming (without deciding) that the quoted words would include evidence treating a victim's propensity to carry a weapon, the exclusion of the reputation evidence was error, but the error was not prejudicial because defendant put the substance of this evidence before the jury in another way. This same witness testified without objection that the victim had a "bad reputation in the community for violence against other

---

**1.** On similar facts, we have held that "a person can be classified as an aggressor if he leaves the scene of a quarrel, arms himself, and then returns to renew the quarrel." *State v. Minnish,* Utah, 560 P.2d 340, 341 (1977); *State v. Schoenfeld,* Utah, 545 P.2d 193, 196 (1976).

people." He also testified without objection that the victim had the "habit or custom" of carrying a knife or weapon on his person.

■ 3. Defendant next contends that the district court erred in instructing the jury, in effect, that they must determine whether the defendant was guilty of the charge of attempted homicide before they reviewed the elements of the lesser included offenses.[2] Instead, defendant contends, the court should have given his proposed instruction patterned after U.C.A., 1953, § 77–31–5 (subsequently reenacted at § 77–17–1), to the effect that where there is reasonable doubt as to which of two or more degrees of an offense the defendant is guilty, he must be convicted of the lowest degree only. Defendant contends that this statute "appears to allow the simultaneous consideration of two or more degrees" of a particular offense. But whether or not the statute *allows* the jury to consider all lesser offenses simultaneously with the charged offense, we see nothing in the statute or our decisions that *requires* it to do so. The court's instruction directed the jury to begin by determining whether the defendant was guilty of the charged offense. There was no error in this.

■ 4. Finally, defendant argues that the trial court erred in confusing the jury by instructing them on two lesser included offenses having identical elements: aggravated assault, § 76–5–103, and threatening with or using dangerous weapons in a fight or quarrel. § 76–10–506. This argument fails because these two offenses do not have identical elements. *State v. Verdin*, Utah, 595 P.2d 862 (1979). In addition, our study of the instructions as a whole discloses no basis for defendant's suggestion that the jury could have been confused by those instructions.

Affirmed.

HALL, C.J. and HOWE, STEWART and DURHAM, JJ., concur.

2. The district court instructed the jury that if they were not satisfied beyond a reasonable doubt that the defendant was guilty of the offense of intentionally and knowingly attempting to cause the death of Edward Long they might find him guilty of any lesser included offense whose commission was necessarily included in the offense charged.