Robert Lee Bradford was indicted for intentional murder, in violation of § 13A-6-2, Code of Alabama, 1975. The jury found the appellant "guilty as charged in the indictment," and he was sentenced to twenty years in the penitentiary. *Page 135 
On the afternoon of March 25, 1985, the appellant, Bradford, the victim, John Leon Hopper, and some other young males gathered at the home of Lloyd Hays. Each of the young males was drinking and at some point, the appellant and the victim began "fussing." Hays asked the group to leave, and all of them, except the appellant, went to the park on Catherine Street in Mobile, Alabama. The appellant remained behind and talked with Hays.
Later, the appellant, Bradford, went home, got a gun and returned to Hays's house. Hays told the appellant not to go to the park because, if he did, he was "looking for trouble." (R. 67) The appellant eventually left Hays's house and went to the park.
When he got there, he saw the group of young males sitting inside a shed. As the appellant approached the shed, the victim took off his shirt and shook his cane (which he used for walking) at the appellant. The appellant then shot the victim, who died of a gunshot wound to the chest. The appellant said that he did not intend to shoot the victim and was only trying to scare him away.
Larry Faison conducted a psychological examination of the appellant. The appellant's I.Q. was determined to be 71, which places him in the borderline mentally retarded range. Faison testified that persons with low intelligence see less alternatives than others when they are in a stressful situation. These persons are less aware of the consequences of their actions than others.
 I
Prior to trial, the trial court, pursuant to defense counsel's request for psychiatric examination, ordered the appellant to be examined at Taylor Hardin Secure Medical Facility to determine his competency. After an initial determination of incompetency, the staff at Taylor Hardin found the appellant to be competent after he received appropriate medical treatment.
The appellant then filed a motion requesting the appointment of a psychiatrist, at State expense, to conduct a separate, independent psychological evaluation of him. The trial judge denied this motion, and the appellant claims this was error, citing Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087,84 L.Ed.2d 53 (1985). We disagree.
First of all, "Ake does not reach noncapital cases." Isom v.State, 488 So.2d 12, 13 (Ala.Cr.App.), cert. denied,488 So.2d 12 (Ala. 1986).
Secondly, "[e]ven under Ake, the defendant's motion was properly denied, as the indigent defendant does not have a constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own." Isom, supra, at 13.
The appellant was not denied due process of law by the trial court's actions.
 II
The appellant contends his sentence of twenty years, imposed pursuant to § 13A-5-6(a)(4), Code of Alabama 1975 (providing for increased punishment upon conviction of a class A felony involving the use of a firearm or deadly weapon) is unconstitutional because it violates due process and subjects him to double jeopardy. These arguments have been addressed by this court and have been found to be without merit. See Smithv. State, 447 So.2d 1327 (Ala.Cr.App.), cert. denied,447 So.2d 1327 (Ala. 1983), and Bragg v. State, 453 So.2d 756
(Ala.Cr.App.), cert. denied, 453 So.2d 756 (Ala. 1984).
 III
The trial judge here instructed the jury on the offense of intentional murder and manslaughter. The appellant claims there was a rational basis for a charge on criminally negligent homicide and the trial judge erred to reversal by failing to give such a charge.
 "Alabama's new criminal code divides homicide into the crimes of murder (Section 13A-6-2), manslaughter (Section 13A-6-3), and criminally negligent homicide (Section 13A-6-4). These offenses replace the old crimes of murder and *Page 136 
manslaughter in the first and second degrees.
 "By statutory definition, a person commits the crime of manslaughter if he recklessly causes the death of another person. Section 13A-6-3(a)(1). The reckless offender is aware of a substantial and unjustifiable risk and 'consciously disregards' it. Section 13A-2-2(3); commentary to Section 13A-2-2.
 " 'A person commits the crime of criminally negligent homicide if he causes the death of another person by criminal negligence.' Section 13A-6-4. 'A person acts with criminal negligence . . . when he fails to perceive a substantial and unjustifiable risk that the result will occur. . . .' Section 13A-2-2(4). In both manslaughter and criminally negligent homicide '(t)he risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.' Sections 13A-2-2(3) and (4).
 "The only difference between manslaughter under Section 13A-6-3(a)(1) and criminally negligent homicide is the difference between recklessness and criminal negligence. 'The reckless offender is aware of the risk and "consciously disregards" it. On the other hand, the criminally negligent offender is not aware of the risk created ("fails to perceive") and, therefore, cannot be guilty of consciously disregarding it.' Commentary to Section 13A-2-2. 'The difference between the terms "recklessly" and "negligently," . . . is one of kind, rather than degree. Each actor creates a risk of harm. The reckless actor is aware of the risk and disregards it; the negligent actor is not aware of the risk but should have been aware of it.' C. Torcia, 1 Wharton's Criminal Law Section 27 (14th ed. 1978) (emphasis in original).
 "Negligence 'is distinguished from acting purposefully, knowingly, or recklessly in that it does not involve a state of awareness. It is the case where the actor creates inadvertently a risk of which he ought to be aware, considering its nature and degree, the nature and the purpose of his conduct and the care that would be exercised by a reasonable person in his situation.' Commentary to Section 13A-6-4."
Phelps v. State, 435 So.2d 158, 164 (Ala.Cr.App.), cert. denied, 435 So.2d 158 (Ala. 1983).
It could be argued that the appellant's testimony that he did not intend to shoot the victim, coupled with Faison's testimony that persons of low intelligence are less aware of the consequences of their actions than others, provides some evidence that the appellant failed to perceive the substantial and justifiable risk that someone could be killed if he pointed a loaded gun at that person and fired it. However, we need not resolve whether this evidence afforded a rational basis for a charge on criminally negligent homicide because "even if there existed evidence that the killing was the result of mere criminal negligence, the judge's failure to instruct on criminally negligent homicide does not warrant a reversal."Phelps, supra, at 166.
Even though the jury was charged on the offenses of murder and manslaughter, the appellant was not necessarily entitled to a charge on criminally negligent homicide as a lesser included offense. Phelps, supra.
 " '(B)efore a reversal of the judgment is to be had it must appear to the appellate court that the error complained of has probably "injuriously" affected the substantial rights of the parties.' Bryson v. State, 264 Ala. 111, 113, 84 So.2d 785
(1956); Rule 45, A.R.A.P. Our consideration of the entire record firmly convinces us that the verdict would not have been different if the error had not been committed and if the jury had been charged on criminally negligent homicide. Pope v. State, 174 Ala. 63, 79, 57 So. 245 (1911). We fully recognize that generally a verdict finding the defendant guilty of a higher offense will not render harmless or innocuous an error committed in failing to charge on a lesser included offense. Hunter v. State, *Page 137 335 So.2d 194, 199-200 (Ala.Cr.App.), cert. denied, 335 So.2d 203 (Ala. 1976). However, this rule should not be applied blindly or thoughtlessly. Application of that rule in this case is manifestly unjust and simply unsound.
 "In State v. Mattingly, 23 Or. App. 173, 541 P.2d 1063 (1975), S.Ct. review denied (1976), the trial judge refused to instruct on criminally negligent homicide and the defendant was convicted of murder. This conviction was affirmed despite that error.
 " 'Thus the distinction between (reckless) murder and manslaughter is only in the degree of awareness that death is a likely result which exists in the actor's mind at the time of the act. Since the jury was properly instructed on both murder and manslaughter and returned the verdict of guilty of murder, it must have found that the defendant was not simply aware of the risk that he had created, but that he had that higher degree of awareness which made his recklessness so extreme as to constitute the mental state necessary to the crime of murder. Given this, it would be illogical to conclude that the jurors, if instructed on criminally negligent homicide, might possibly have found that the defendant was unaware of the risk of death and therefore only guilty of that lesser offense.
 " 'Thus, it cannot be said that the failure to instruct on criminally negligent homicide prejudiced defendant by subjecting him to the
 " '* * * danger that a jury, certain that the defendant is guilty of some criminal conduct but uncertain about the precise crime charged, may elect to bring in a verdict of guilty on that crime rather than to grant the defendant outright acquittal.' State v. Williams, [270 Or. 152], 99 Or.Adv.Sch. 1934, 1942, 526 P.2d 1384, 1387 (1974), dissenting opinion.
 " 'If the jury had been instructed only on one offense or if the jury had found the defendant here guilty of manslaughter, we would have a different situation, and very likely a different result.' " Mattingly, 541 P.2d at 1065.
 "The reasoning of Mattingly is logical and compelling. We apply it to this cause and find that the failure to instruct on criminally negligent homicide could not have prejudiced the defendant in any manner. Any speculation that the jury might have found the defendant guilty of criminally negligent homicide is dissipated by the fact that they found him guilty of intentional murder. State v. Freeman, 275 N.C. 662, 170 S.E.2d 461, 465
(1969), and cases cited therein. In Howell v. State, (Ms. 81-877, January 17, 1983) 431 So.2d 1328 (Ala. 1983), our Supreme Court recognized that the statute on criminal negligence rejects and is inconsistent with a specific intent to commit an offense."
Phelps, supra, at 166-67.
Based on the reasoning of Phelps, supra, we find no basis of error here.
 IV
The appellant asserts the trial judge erred by failing to charge the jury on the law of accident. The trial judge charged the jury on the law of self-defense. (See R. 128-30)
Self-defense and accident are inconsistent defenses.Lawson v. State, 476 So.2d 116, 119 (Ala.Cr.App. 1985);Wakefield v. State, 447 So.2d 1325, 1327 (Ala.Cr.App. 1983). Thus, we find no error occurred here.
 V
The appellant contends the trial court's oral charge over emphasized the "heat of passion" prong of the manslaughter statute and de-emphasized the "reckless" prong of the statute. This contention is without support.
The court's oral charge adequately and fully charged the jury on the offense of manslaughter (see p. 126-28). If the appellant wished the court's charge to include more particular instructions on the reckless aspect of manslaughter, he could have submitted written requested instructions on *Page 138 
this subject. § 12-16-13, Code of Alabama 1975, as amended.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.