Robert Joseph BARNES *v.* STATE of Arkansas

CR 85-115                    698 S.W.2d 504

Supreme Court of Arkansas
Opinion delivered November 12, 1985

*Harold W. Madden,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. After midnight on November 9, 1983, the appellant, Robert Barnes, shot and killed his former wife, Loretta Barnes. The jury found him guilty of first-degree murder and sentenced him to life imprisonment. There is no merit in either of his two arguments for reversal.

Robert and Loretta were married in 1980, but after about a year they were divorced. At first they continued to live together, but later they had separate residences. They kept seeing each other and took trips together to places as distant as Florida and

California.

   On the night of the murder Robert Barnes tried to telephone Loretta at about 11:00 p.m., but there was no answer. He got in his truck and drove to Melvin Shirley's house where, as he apparently expected, he saw Loretta's car outside. He had a set of keys to that car. Knowing that Loretta kept a pistol in the trunk to protect herself when she worked late, he opened the trunk, got the pistol, and put it in his pocket before going to the door. After some conversation among the three of them, Loretta and Robert went outside and got into an argument. He testified that she started hitting him. He professed not to remember the shooting, but immediately after Loretta was shot he told Shirley that he had shot Loretta and was going to kill himself. According to the medical examiner, the autopsy indicated that Loretta had first been shot while she was holding her arm in front of her neck in a defensive position. That bullet passed through her arm and into her neck. She was then fatally shot in the top of the head from a distance of less than a foot. Ballistics tests showed that the shots had been fired from Loretta's pistol.

   ■ It is argued that the State failed to prove that the accused acted with premeditation and deliberation. The court properly instructed the jury on those matters, giving AMCI 1507 (1982 Supp.). The jury could readily find both premeditation and deliberation from proof that Barnes armed himself with a pistol before confronting his former wife and that he actually shot her twice, the second time in the top of the head from a distance of only a few inches. The evidence of premeditation and deliberation was substantial, even convincing.

   ■ The second contention is that the court should have granted a motion for a mistrial because the State had introduced hearsay evidence. What happened at the trial was this: On cross examination by the prosecutor, Barnes admitted that he was familiar with guns. In response to a specific question he then said he did not know whether Loretta's pistol was single action or double action; he didn't know the difference. That distinction was plainly a collateral matter, in the accepted sense that the prosecution, which had asked the question, would not have been entitled to prove Barnes' knowledge of the distinction as part of its case. *Randall* v. *State*, 239 Ark. 312, 389 S.W.2d 229 (1965).

Since the matter was collateral, the prosecution was bound by Barnes' response, that he did not know the difference between single action and double action. *Spence* v. *State*, 184 Ark. 139, 40 S.W.2d 986 (1931).

The State, without objection by the defense, nevertheless tried to prove on rebuttal that Barnes did know the difference. Needless to say, such collateral excursions should be avoided. A police officer testified on direct examination, as a rebuttal witness, that Barnes had had training in firearms that would enable him to know the difference, but on cross examination the officer admitted that he had no personal knowledge that Barnes had been so instructed. Defense counsel then moved for a mistrial, because the officer's first statement had been hearsay. The trial judge denied the motion. There was no request that the jury be told to disregard the objectionable statement.

Appellate counsel now insists that a mistrial should have been granted because the hearsay statement was "highly prejudicial." Calling it so does not make it so. To the contrary, we do not see that the statement was prejudicial at all. Barnes had testified that he did not know the difference between a single action and a double action pistol. The officer testified at first that Barnes had been instructed in the difference, but he later admitted that he had no personal knowledge about such instruction. The issue had no substantive relevance, for whether Barnes was aware of the distinction had no bearing whatever on whether he had shot his former wife. If it had any possible bearing on his credibility, an admonition to the jury would have been sufficient. The proof of guilt was overwhelming. The declaration of a mistrial over such inconsequential incident would have been a miscarriage of justice.

We find no prejudicial error in any other ruling that has been brought to our attention.

Affirmed.

HOLT, C.J., disqualified and not participating. PURTLE, J., not participating.