W.L. SMITH *v.* STATE of Arkansas

CR 93-758                                       872 S.W.2d 843

Supreme Court of Arkansas
Opinion delivered March 21, 1994
[Supplemental Opinion on Denial of Rehearing
April 18, 1994.*]

*Corbin, J., not participating.

*The Law Offices of Greenhaw & Greenhaw*, by: *John F. Greenhaw*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant W.L. Smith was found guilty by a jury of four counts of rape. He was sentenced to forty years imprisonment on each count. Two of the counts are to be served consecutively and the two remaining counts concurrently, for a total of eighty years in the Department of Correction. On appeal he raises three points for reversal: (1) the trial court erred in

allowing evidence of prior offenses to be admitted, thus causing the defendant to suffer substantial prejudice; (2) the trial court erred when it deviated from established trial procedures by ordering counsel to make closing arguments prior to jury instructions being given; and (3) the trial court erred in allowing extrinsic evidence of prior misconduct, in the form of a police report, to be admitted into evidence. Finding no error, we affirm the judgment of conviction.

The appellant was charged by information with five counts of rape in violation of Ark. Code Ann. § 5-14-103 (Repl. 1993) for engaging in sexual intercourse or deviate sexual activity with his stepdaughter Amy Honey, who was less than fourteen years of age, on or about April 10, 11, 12, 13, and 14, 1990. At trial, the state's case was based principally upon the testimony of the thirteen-year-old victim.

Janet Smith, the victim's mother, was in the hospital for approximately one week beginning on April 9, 1990. Her daughter testified she had been sexually penetrated by the appellant on four occasions during that period of time. In addition, Dr. Hoy Spear, a licensed physician, testified that he examined the victim on September 11, 1990. In his opinion, she had been subjected to vaginal and rectal intercourse. Ms. Tammy Bracewell, the victim's aunt, and Dr. Spear both testified that the child had stated appellant had intercourse with her.

Since the child testified only to four incidents, the trial court directed a verdict in favor of the appellant on one count of rape. In his defense on the four remaining counts, the appellant denied the allegations, challenged the veracity of the victim and contended he was out of town at the time of one of the alleged incidents. The testimony indicated the appellant was a truck driver and he left for Moberly, Missouri on April 10, 1990. According to the testimony, the trip from the family home in Grubbs, Arkansas (Jackson County) to Moberly takes approximately 24 hours. The jury returned a verdict of guilty on four counts of rape.

I.

The appellant first contends the trial court erred in allowing evidence of prior offenses to be admitted. On direct examination of Leonard Pickel, a witness for the defense, the following

exchange took place between counsel for the defense and the witness:

> Q. Now, Mr. Pickel, you testified that you've known W.L. Smith for over ten years?
>
> A. Yes, sir.
>
> Q. Based on your knowledge of him, do you feel it is possible that he could've repeatedly raped his daughter, who you also know, the five nights that Janet was in the hospital in April of 1990.
>
> A. In my opinion, I would say no, I don't think he would have repeatedly raped her during that period of time based on knowing him.

Prior to cross-examining Mr. Pickel, the state submitted Mr. Pickel had testified regarding the character of the accused and requested they be allowed to cross-examine the witness accordingly. The appellant objected to questions concerning prior charges; however, the trial court overruled the objection. Consequently, during cross-examination, the state asked Mr. Pickel the following questions:

> Have you heard, Sir, that on August 29th, 1987, the defendant, W.L. Smith, did play with the breast and lower part of the body of a twelve year old girl named Jennifer Stinley and did continue playing with her until she was able to break away from him?
>
> Have you heard, Sir, that on the 26th day of May, 1989, W.L. Smith raped a lady named Deanna Stinley [Stilley] by forcible compulsion in a semi-truck that was being, that Mr. Smith was driving?

Mr. Pickel acknowledged that he had heard of both accusations.

A.R.E. Rule 404(a) provides in pertinent part:

> (a) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> > (1) Character of accused. Evidence of a pertinent trait

of his character offered by an accused, or *by the prosecution to rebut the same;* . . .

(Emphasis supplied.)

Once the admissibility of character evidence is established under Rule 404, Rule 405 establishes the methods of proof which may be utilized. A.R.E. Rule 405, Methods of proving character, provides in pertinent part:

(a) Reputation or Opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. *On cross-examination, inquiry is allowable into relevant specific instances of conduct.*

(Emphasis supplied.)

Mr. Pickel was asked if, based upon his knowledge of the appellant, he thought he could have committed the crimes with which he was charged. The only purpose the questions could have had was to show the appellant was a person not disposed to commit the alleged crimes. Therefore, he was a character witness pursuant to Rule 404.

We have recognized that by producing a character witness the defendant opens the door to evidence which might otherwise have been inadmissible. *Wilburn* v. *State*, 289 Ark. 224, 711 S.W.2d 760 (1986). Rule 405 clearly provides that in cross-examining a defendant's character witness, it is permissible to inquire into the witness' knowledge of specific instances of conduct. *Morris* v. *State*, 300 Ark. 340, 779 S.W.2d 526 (1989); *Reel* v. *State*, 288 Ark. 189, 702 S.W.2d 809 (1986). Such cross-examination tests the witness's knowledge of the defendant's reputation and that, in turn, may go to the weight to be given his opinion. *Morris, supra.* Further, Rule 405 places no limit, other than relevancy, on the kind of instances of misconduct with respect to which cross-examination may occur. *Reel, supra; Spohn* v. *State,* 310 Ark. 500, 837 S.W.2d 873 (1992).

We find the trial court did not commit error by allowing inquiry into relevant specific instances of conduct during cross-examination of Mr. Pickel. Whether Mr. Pickel was aware

of the two prior incidents tested his knowledge of the defendant's character and the weight to be given to his opinion.

Also, we have recognized that an instruction limiting the use of this evidence would assist the jury in placing the testimony in its proper light. *Reel, supra.* We noted the instruction informed the jury that they should consider the reference to the conviction during cross-examination as evidence going only to the extent of the witness's knowledge of the appellant and the weight to be given to his opinion of the defendant's character. Thus, the appellant would have been entitled to an instruction limiting the jury's consideration of the testimony. However, he failed to request the instruction.

## II.

Second, Smith contends the trial court erred when it deviated from established trial procedure by ordering counsel to make closing arguments prior to jury instructions being given. The appellant submits his defense counsel lost the opportunity to stress the options available to the jury concerning lesser included offenses because the closing arguments were presented prior to jury instructions being given. In fact, at the close of all of the evidence, the defense counsel had not prepared proposed instructions. Rather than taking additional time to allow for preparation of the lesser included offense instructions, the trial court suggested making closing arguments and then waiting until the following morning to instruct the jury. Both the state and the counsel for the defense immediately agreed with the trial court. Subsequently, the appellant was questioned and agreed to make the closing arguments prior to instructing the jury.

It is well established that an appellant cannot complain when he agreed with the trial court's ruling. *Scroggins* v. *State*, 312 Ark. 106, 848 S.W.2d 400 (1993). Further, we have repeatedly stated that we will not consider an issue raised for the first time on appeal. *Walker* v. *State*, 314 Ark. 628, 864 S.W.2d 230 (1993).

## III.

Finally, the appellant submits the trial court erred in admitting extrinsic evidence of prior misconduct. During direct examination of Mr. Smith, the defense counsel inquired into an incident

involving the alleged fondling of a twelve year old girl. The following exchange took place between the appellant and defense counsel:

Q. Did you ever have a trial?

A. No, sir, we didn't.

Q. Is that because you didn't do it?

A. That's right.

During cross-examination of the appellant, the state introduced the incident report from the Craighead County Sheriff's Department. The report indicated that the parents did not want to prosecute because the child refused to testify.

The appellant submits the evidence was offered to prove the accused was a man of bad character, addicted to crime. In support of his argument, he relies upon A.R.E. Rule 405 which only allows inquiry into specific instances of conduct during cross-examination. We disagree.

The Arkansas Rules of Evidence do not provide a rule on impeachment by contradiction. *Garst* v. *Cullum*, 291 Ark. 512, 726 S.W.2d 271 (1987). We have held that a witness could not be impeached by extrinsic evidence on collateral matters brought out in *cross-examination*. Id. That limitation, however, does not apply to answers given on direct examination. When a witness testifies on direct examination that he has not committed collateral acts of misconduct, he opens the door for impeachment by contradiction and his testimony may be contradicted by extrinsic evidence. *See McFadden* v. *State*, 290 Ark. 177, 717 S.W.2d 812 (1986); *Hendrik* v. *State*, 40 Ark. App. 52, 842 S.W.2d 443 (1992).

In *McFadden*, we cited *Walder* v. *United States*, 347 U.S. 62 (1954), where the Supreme Court held it was not error to admit evidence that an accused had committed another crime to rebut testimony in which the accused said he had not done it. In *Walder*, the other crime was one with which the accused had been charged, but the charge had been dropped when it was ruled that the search and seizure leading to the charge was illegal. We noted it would be a perversion of Rules 403 and 404(b) to say the state could not rebut testimony of an accused, given on direct examination,

about his not having committed other crimes. *McFadden, supra.*

 Once again, we note the appellant would have been entitled to an instruction limiting the jury's consideration of the testimony in question to the issue of appellant's veracity. *McFadden, supra.* However, he sought no such instruction.

Affirmed.

CORBIN, J., not participating.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### APRIL 18, 1994

*Greenhaw & Greenhaw*, by: *John Greenhaw*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant's petition for rehearing insists that our opinion of March 21, 1994, affirming the judgment entered on his conviction of four counts of rape failed to address his contention that A.R.E. Rule 405 is governed by Rule 403 and, hence, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

We discussed the point at some length in part I, though our opinion may not have been explicit. Settled law dating well back in the common law (and now incorporated in A.R.E. Rules 404 and 405) provides that when an accused offers character evi-

dence in his own behalf, the character witness is subject to cross-examination as to his or her knowledge of relevant specific instances of conduct by the accused. That is precisely what occurred in this trial, as our opinion recounts, and when that occurs, cross-examination as to specific instances of conduct is allowed irrespective of prejudice. *Clark* v. *State*, 292 Ark. 69, 727 S.W.2d 853 (1986); *Lowe* v. *State*, 264 Ark. 205, 570 S.W.2d 253 (1978); *Weaver* v. *State*, 83 Ark. 119, 102 S.W. 713 (1907). In *Michelson* v. *United States*, 335 U.S. 469 (1948), the Supreme Court addressed the right of the prosecution to cross-examine a defendant's character witness:

> . . .the price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him.

In *United States* v. *Bright,* 588 F.2d 504 (1979), *cert denied,* 440 U.S. 972 (1979), the Court of Appeals, Fifth Circuit, specifically rejected the argument that Rule 403 is applicable to the cross-examination of character witnesses. *And see* 1A Wigmore, *Evidence* § 58 (Tillers rev. 1983).

Rehearing denied.

CORBIN, J., not participating.