Joseph John RANK *v.* STATE of Arkansas

CR 93-1328                                        883 S.W.2d 843

Supreme Court of Arkansas
Opinion delivered October 3, 1994

*J. Sky Tapp*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Joseph John Rank was tried and convicted of first degree murder for the death of Laura Fullbright, age sixteen months. Rank was sentenced to life imprisonment. We find no merit in the several points raised on appeal.

Laura Fullbright died as a result of injuries suffered on September 12, 1992. Dr. William Sturner, Chief Medical Examiner for the State of Arkansas, testified Laura died from traumatic injuries to the head. Laura's mother, Mary Ellen Robbins, and Joe Rank were living together at the time. Rank maintained Laura was injured in a fall in the driveway.

### Motions For Mistrial

Three points of error involve motions for mistrial:

During voir dire a prospective juror, responding to a question by defense counsel concerning her ability to be fair, answered, "I just have a feeling that a child that is murdered is something that I would have a hard time with and I don't think I could be maybe fair." Counsel immediately asked for a mistrial, urging that neither he nor the prosecutor had yet mentioned murder. The motion was denied.

Second, during opening statement the prosecutor told the jury:

> You will have no reasonable doubt, Ladies and Gentlemen, that the defendant, who places himself in the sole care of this child, is simply not telling the truth when he says she fell down on the driveway.

Counsel interrupted to urge the prosecutor was "now commenting on what my client will or will not say. He's not required to take the stand." The motion was denied.

Finally, during redirect examination of one of the attending physicians, the prosecutor struck the counsel table with her hand to demonstrate the type of blow her question contemplated, prompting a mistrial motion. It, too, was denied. Appellant argues the prosecutor engaged in staged histrionics, striking the table in "a violent downward manner."

■■ This court has said repeatedly that mistrial is a drastic remedy and proper only where the error is beyond repair and the trial cannot in fairness continue. The trial court has wide discretion and we will not reverse in the absence of an abuse of discretion. *Drymon v. State*, 316 Ark. 799, 875 S.W.2d 73 (1994). None of the cited episodes rise to that level. The prospective

juror was responding candidly to counsel's question. Whether either lawyer had mentioned murder is beside the point. Certainly the panel had been generally informed as to the nature of the case it had been called to try.

■　Second, the prosecutor's opening statement was in reference to a taped statement voluntarily given by Joe Rank attributing Laura's injuries to a fall in the driveway. The prosecution planned to introduce the statement in evidence. Appellant argues on appeal the remark was a comment on the right of the accused to remain silent as provided by the Fifth Amendment, citing *Aaron* v. *State*, 312 Ark. 19, 846 S.W.2d 655 (1993). But the reference was to his statement, not to whether or not he testified and he did, in fact, take the stand and deny he had ever harmed Laura. Where evidence is admissible, a party is entitled to refer to it during opening statement. *Dixon* v. *State*, 310 Ark. 460, 839 S.W.2d 173 (1992). Also, a prosecutor is allowed to argue any inference reasonably deducible from the evidence. *Id.* Further, we have held that, where an appellant's confession was properly admitted into evidence, there was no error in permitting the prosecutor to detail the confession to the jury in his opening statement. *House* v. *State*, 230 Ark. 622, 324 S.W.2d 112 (1959); *Mouser* v. *State*, 216 Ark. 965, 228 S.W.2d 472 (1950). In short, the prosecutor's comment was not inappropriate to the anticipated proof.

■　As to the "histrionics," we see nothing basically wrong with counsel attempting to demonstrate manually the amount of force it might require to leave a given imprint. As to the manner by which it is carried out, we are wholly dependent on the trial judge, who sees and hears what occurred, whereas we have only a mute record.

### Photographs

Appellant's next assignment of error involves five color photographs of Laura, four in a hospital bed and one, evidently taken earlier, depicting a badly bruised and swollen left eye. Appellant submits the probative value of these exhibits, as well as an enlarged artist's rendering of an alleged hand print on the child's chest and stomach (Ex. No. 8), was substantially outweighed by the danger of undue prejudice.

■■ As to the enlargement, it is neither abstracted nor in the record. Of the remainder, their admissibility is a matter for the sound discretion of the trial court and its ruling will not be reversed in the absence of an abuse. *Sanders* v. *State*, 317 Ark. 328, 878 S.W.2d 391 (1994). The admissibility of photographs, even those that are appalling and gruesome, is influenced by whether they assist the jury in any of the following: (1) by shedding light on some issue; (2) by proving a necessary element of the case; (3) by enabling a witness to testify more effectively; (4) by corroborating testimony; or (5) by enabling jurors to better understand the testimony. *Sanders, supra; Weger* v. *State*, 315 Ark. 555, 869 S.W.2d 688 (1994). The mere fact that a photograph is inflammatory or cumulative is not, in and of itself, a sufficient reason for its exclusion. *Weger, supra.* Here, the photographs were used by medical witnesses to illustrate the nature and extent of the injuries. Where the issue is whether injuries are accidental or deliberate, we cannot say the trial court abused its discretion in submitting such photographs to the jury.

### *Character Witness*

Another point of error concerns the cross examination of four witnesses called by the defendant: Kevin Eakin, Daniel Susan, Gary Burgess and Dan Reeves.

■ On cross-examination, Kevin Eakin, a long time friend of Joe Rank, was asked about a hostile relationship between Rank and his father. Defense counsel objected and the trial court sustained the objection. Thus, appellant received the relief he requested at trial. *See Jurney* v. *State* 298 Ark. 91, 766 S.W.2d 1 (1989).

On direct examination, Daniel Susan testified to the reputation of Joe Rank in the community as being "a trustworthy, gentle, kind individual." On cross-examination Susan was asked if he was aware of an incident in 1987 when Rank threatened Ms. Linda Dean with a gun and threatened to blow up her house. A defense objection was overruled and Susan testified he was not aware of such threats. The witness was asked his opinion, based upon his knowledge of the appellant, as to the latter's reputation in the community. The only purpose the questions could have had was to show the appellant was a person not disposed

to commit the alleged crime. Therefore, Susan was a character witness pursuant to Rule 404.

A.R.E. Rule 404(a) clearly allows evidence of a person's character to be offered by the prosecution to rebut character evidence offered by an accused. *Smith* v. *State*, 316 Ark. 407, 872 S.W.2d 843 (1994). Once the admissibility of character evidence is established under Rule 404, A.R.E. Rule 405 establishes the methods of proof which may be utilized. *Id.* A.R.E. Rule 405 provides in part: "On cross-examination, inquiry is allowable into relevant specific instances of conduct."

The Court has recognized that by producing a character witness the defendant opens the door to evidence which might otherwise have been inadmissible. *Smith, supra; Wilburn* v. *State*, 289 Ark. 224, 711 S.W.2d 760 (1986). Rule 405 clearly provides that in cross-examining a defendant's character witness, it is permissible to inquire into the witness' knowledge of specific instances of conduct. *Smith, supra; Morris* v. *State*, 300 Ark. 340, 779 S.W.2d 526 (1989); *Reel* v. *State*, 288 Ark. 189, 702 S.W.2d 809 (1986). Such cross-examination tests the witness's knowledge of the defendant's reputation and that, in turn, may go to the weight to be given his opinion. *Smith, supra.* Further, Rule 405 places no limit, other than relevancy, on the kind of instances of misconduct with respect to which cross-examination may occur. *Smith, supra; Reel, supra; Spohn* v. *State*, 310 Ark. 500, 837 S.W.2d 873 (1992).

On direct examination Gary Burgess stated the appellant "has a reputation of being a very loyal, honest person." On direct examination of Don Reeves, the counsel for the defense inquired "based upon having known Joe for this length of time and the fact that you have been in this community for a number of years, do you have an opinion as to Joe Rank's reputation in this community." Reeves stated the appellant "has a good reputation . . . [h]e has been very loyal and trustworthy and a gentle spirit."

During cross-examination, the state questioned both witnesses as to their knowledge of the appellant's threats towards Ms. Linda Dean and the appellant's grandfather. The record, however, reveals no objection on the appellant's part to the line of questioning. The issue is not preserved for appeal. *Haynes* v.

*State*, 314 Ark. 354, 862 S.W.2d 275 (1993). In any event, the line of questioning was permissible. *Smith, supra.*

■ The trial court did not err in allowing inquiry into relevant specific instances of conduct during cross-examination of appellant's character witnesses. Whether the witnesses were aware of the prior incidents tested their knowledge of the defendant's character and the weight to be given to their opinion. The appellant would have been entitled to an instruction limiting the jury's consideration of the testimony. *Smith, supra.* However, the instruction was not requested.

### *Rebuttal Witnesses*

■ The final argument concerns two rebuttal witnesses for the state, Linda Dean and John Dodd. Appellant assigns error to the state's failure to comply with discovery in that Dean and Dodd were not on the state's list of witnesses. The record, however, reveals no objection to the calling of the two witnesses. Thus, the issue is not preserved for review. *Haynes* v. *State*, 314 Ark. 354, 862 S.W.2d 275 (1993). Further, the state is not required to furnish the defense with the names of rebuttal witnesses. *Wainwright* v. *State*, 302 Ark. 371, 790 S.W.2d 420 (1990), *cert. denied* 499 U.S. 913; *Weaver* v. *State*, 290 Ark. 556, 720 S.W.2d 905 (1986).

The record had been examined in accordance with Ark. Sup. Ct. R. 4-3(h), and the objections have all been abstracted and certified by the State. No other rulings adverse to the appellant which constituted prejudicial error are found.

For the reasons stated, the judgment is affirmed.