Tytus HOUSTON *v.* STATE of Arkansas

CR 94-989                                    892 S.W.2d 274

Supreme Court of Arkansas
Opinion delivered February 13, 1995

*William R. Simpson, Jr.*, Public Defender, by: *C. Joseph Cordi, Jr.*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. The appellant, Tytus Houston, was convicted of first degree escape, two counts of theft of property, aggravated robbery and aggravated assault for his actions during an escape from custody of a sheriff's deputy. He received sentences totalling forty-one years, to be served consecutively. On appeal, he contends that there was insufficient evidence to support the conviction for aggravated robbery. We affirm the trial court without reaching the merits of this issue because it was not properly preserved for appeal.

Houston escaped from the custody of a Pulaski County deputy sheriff, who had transported him in a van from the county jail to a medical clinic. Upon arrival at the clinic, Houston overpowered the deputy, took his service revolver, and asked him to turn over the keys to his handcuffs and leg irons. He then walked a few blocks to an apartment complex where he approached Otis Lewis, who was sitting in his parked truck. Houston motioned for Lewis to roll down his window and then told him to get out of the truck. After exiting the truck, Lewis noticed that Houston had a gun in his right hand and was wearing an orange jumpsuit from the county jail. Lewis testified that Houston held the gun down at his side and never pointed it at him but that, out of fear that he could be shot, he told Houston to "just have at it." Houston then got into the truck and drove off. He was apprehended a short time later by a police officer who was the victim of the aggravated assault.

At trial, at the conclusion of the state's case, Houston's attorney moved for a directed verdict on all five counts, based on insufficiency of the evidence. The motion was denied. Houston put on no evidence, and the case went to the jury. Houston was

found guilty on all counts, including the count of aggravated robbery for the taking of the truck from Lewis.

On appeal, Houston argues that the evidence was insufficient only as to one element of the offense of aggravated robbery. The statute defining the offense, Ark. Code Ann. § 5-12-103(a)(1), provides:

> (a) A person commits aggravated robbery if he commits robbery as defined in § 5-12-102, and he: (1) Is armed with a deadly weapon or represents by word or conduct that he is so armed;

Robbery is defined under Ark. Code Ann. § 5-12-102:

> A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he *employs or threatens to immediately employ physical force upon another.*

Houston argues that the trial court erred in denying his motion for a directed verdict because there was insufficient evidence that he employed or threatened to immediately employ physical force upon Lewis in the taking of the truck and thus this element of the crime of aggravated robbery was not proven by the state. Although Houston timely moved for a directed verdict at the close of the state's case, we decline to address his argument because his motion was not sufficiently specific to preserve the argument for appeal. Houston's attorney asked for a directed verdict "as to each of the five counts here . . . I would specifically state as to all five counts they have not proved sufficiency of the evidence."

We have recently declared in *Walker* v. *State*, 318 Ark 109, 883 S.W.2d 843 (1994), that we were drawing a "bright line" in holding that a motion for directed verdict in a criminal case must state the specific ground of the motion. Houston's failure to specifically state the element of the crime of aggravated robbery which was the basis for his sufficiency motion operated as a waiver of the issue. *Daffron* v. *State*, 318 Ark. 182, 885 S.W.2d 3 (1994); *Jones* v. *State*, 318 Ark. 704, 889 S.W.2d 706 (1994).

Here we have the same situation addressed in *Walker* — a

directed verdict motion which alleges insufficient evidence to support a verdict on the offense charged, and on appeal an argument challenging only one element of the offense. Under *Walker*, the motion below was inadequate to preserve the argument on appeal.

The trial court did not err in refusing to grant the motion, and we affirm on that basis without reaching the merits of the issue.

Affirmed.

HOLT, C.J., GLAZE and BROWN, JJ., concur.

JACK HOLT, Jr., Chief Justice, concurring. The appellant, Tytus Houston, questions the sufficiency of the evidence to support his conviction of aggravated robbery. While the majority of this court holds that this issue was not properly preserved for appeal, it appears that defense counsel may have been cut short in making his motions. In *Walker* v. *State*, 318 Ark. 109, 883 S.W.2d 843 (1994), we rightfully drew a bright line in holding that a motion for directed verdict in a criminal case must state the specific grounds for the motion. The record of this case, however, plainly reveals that Houston's counsel made a vain attempt to provide specifics to the trial court, only to be hurried along in his presentation. Counsel was obviously restricted in his attempt to explain his position. The following exchange speaks for itself:

> MR. DEVINE: Your Honor, can we approach real quick?

> THE COURT: Sure. Yeah.

(BENCH CONFERENCE:)

> MR. DEVINE: I would renew all motions that we have previous made —

> THE COURT: Sure.

> MR. DEVINE: — and denied by the Court.

> THE COURT: Same ruling.

> MR. DEVINE: I would move for a directed verdict as to each of the five counts here, specific —

THE COURT: Denied.

MR. DEVINE: — each of them, generally and specifically. Since a later case of mine, they say that I didn't make it generally and as to the sufficiency of the evidence, I would specifically state as to all five counts they have not proved sufficiency of the evidence —

THE COURT: In each specific —

MR. DEVINE: Yes.

THE COURT: — each five specific counts?

MR. DEVINE: Yes.

THE COURT: We'll show that motion and it's denied.

MR. DEVINE: Okay. Your Honor, I have talked with my client and we have been over it and it's his feeling that we will not put on any testimony.

THE COURT: Okay. There will be no testimony.

MR. DEVINE: When the Court asks if we would rest, then we would renew all motions at that time for appellate purposes and —

THE COURT: We'll show you rest without putting on testimony, all motions renewed and the same rulings on them. Okay.

(IN OPEN COURT:)

THE COURT: We're through.

MR. DEVINE: Your Honor, we would rest.

THE COURT: All right. The defense rests.

(DEFENSE RESTED AND MOTIONS RENEWED.)

In sum, I think that the trial court tended to restrict counsel's argument in support of his motions and to frustrate his attempt to fully and completely explain his position. I write to emphasize, particularly in the wake of *Walker* v. *State, supra*, that counsel be provided full opportunity to explain the specifics of their motions.

BROWN, J., joins in this concurrence.

TOM GLAZE, Justice, concurring. The concurring opinion of justices Holt and Brown is far afield in stating the trial court frustrated defense counsel's effort in presenting his directed verdict motion. I would quickly point out that defense counsel, himself, makes no argument that the trial court somehow restricted him from making his case. The colloquy between the trial court and counsel speaks for itself. The relevant part of what occurred follows:

DEFENSE COUNSEL: Your Honor, can we approach real quick?

THE COURT: Sure. Yeah.

DEFENSE COUNSEL: I would renew all motions that we have previous made —

THE COURT: Sure.

DEFENSE COUNSEL: — and denied by the Court.

THE COURT: Same ruling.

DEFENSE COUNSEL: I would move for a directed verdict as to each of the five counts here, specific —

THE COURT: Denied.

DEFENSE COUNSEL: — *each of them, generally and specifically. Since a later case of mine, they say that I didn't make it generally and as to the sufficiency of the evidence, I would specifically state as to all five counts they have not proved sufficiency of the evidence* —

THE COURT: *In each specific* —

DEFENSE COUNSEL: *Yes.*

THE COURT: — *each five specific counts?*

DEFENSE COUNSEL: *Yes.*

THE COURT: *We'll show that motion and it's denied.*

DEFENSE COUNSEL: Okay. Your Honor, I have talked with my client and we have been over it and it's his

feeling that we will not put on any testimony. (Emphasis added.)

From the above, the state had completed its case, and defense counsel wished to preserve his record by renewing prior motions. Apparently, counsel did not wish to renew his motions in chambers, but he said, "[C]an we approach (the bench) real quick?" While the trial court had previously ruled on counsel's motion, counsel and the trial court were obliged to "run through" those same motions again so as to preserve the record under our court's mandates.

Defense counsel's comments suggest that, in a different and prior case, he had had problems with complying with this court's requirement that specific grounds must be made when presenting a directed verdict motion. Thus, he asked that his motion be considered as to each count against the defendant. While counsel failed to single out the elements he believed were missed by the state's proof, he certainly had every opportunity to do so when presenting his motion. There was the typical exchange between counsel and the trial court but nothing to indicate the trial court restricted or frustrated counsel. In fact the trial court ruled and then backed up to be sure that it understood counsel's argument or grounds. After being assured, the trial court rendered a second ruling, denying counsel's motion. In any event, I suspect counsel offered no further grounds or argument in support of a directed verdict motion because the motion was meritless. Although concurring justices Holt and Brown specifically fail to say so, they, too, must agree that there was no merit to Houston's directed verdict motion, since they concur with, and presumably affirm, the majority court's decision. Otherwise, they would be dissenting, since they conclude the trial court erred by preventing defense counsel from preserving his record.

I realize this court gets frustrated at times when a record is insufficient and requires the court to affirm on procedural grounds. And certainly, I would in no way condone a trial court's conduct that would frustrate a counsel's ability to preserve a record. But, this is not that situation. Experienced and seasoned counsel was involved in this matter, and he makes no suggestion that he had problems with the trial court. It is not this court's role to read something into the record that is not evident.