Norvell GOODEN *v.* STATE of Arkansas

CR 94-1085                                    902 S.W.2d 226

Supreme Court of Arkansas
Opinion delivered July 10, 1995

*Ronald Carey Nichols*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Norvell Gooden was found guilty by a jury of arson and sentenced as a habitual offender to fifty years in prison. Gooden's sole point for reversal is that the trial judge erred in allowing the prosecution to cross-examine defense witness, Derrick Dodson, by asking him if he was aware of Gooden's four prior felony convictions. We hold the trial judge's ruling was correct.

In his case-in-chief, Gooden called Dodson who testified about being with Gooden on the day the arson occurred. Dodson also said that he did not have personal knowledge of Gooden setting the fire and added, "I don't believe he would do anything like that. I've been knowing him too long. He's not that type of guy." After Dodson's direct examination, the deputy prosecutor and defense counsel approached the bench and conferred with the trial judge who ruled the defense had "opened the door" by placing Gooden's character in issue by Dodson's statement that Gooden "wouldn't do that sort of thing." The state then cross-examined Dodson, asking him if he was aware that Gooden had two prior felony convictions of theft of property and two convictions of breaking and entering. Gooden objected to the state's questions as being irrelevant to the charge of arson, but the trial judge reiterated that Dodson had placed Gooden's character in issue and the state's questions were fair cross-examination. Dodson then responded to the state's revelation of Gooden's criminal background, stating that even being made aware of Gooden's previous convictions did not change his opinion of Gooden.

Gooden's objection as to the relevance of the type of crimes for which Gooden had been convicted is without merit because the cross-examination was allowed not to show Gooden had committed the arson, but to determine the weight to be given the character testimony of the witness.

Ark. R. Evid. 404(a) provides in pertinent part:

(a) Character Evidence Generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same; . . .

■ This court has recognized that by producing a character witness the defendant opens the door to evidence which might otherwise have been inadmissible. *Rank* v. *State*, 318 Ark. 109, 883 S.W.2d 843 (1994). Once the admissibility of character evidence is established under Rule 404, Rule 405 establishes the methods of proof which may be utilized. *Smith* v. *State*, 316 Ark. 407, 872 S.W.2d 843 (1994). Ark. R. Evid. 405 clearly provides that in cross-examining a defendant's character witness, it is permissible to inquire into the witness's knowledge of relevant specific instances of conduct. Ark. R. Evid. 405(a) reads as follows:

Ark. R. Evid. 405. Reputation or Opinion. — (a) In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. *On cross-examination, inquiry is allowable into relevant specific instances of conduct.* (Emphasis added.)

■ In *Reel* v. *State*, 288 Ark. 189, 702 S.W.2d 809 (1986), Reel was charged with murder, and at trial, he called his employer who testified that he had always regarded Reel as a truthful and honest employee. On cross-examination the trial judge permitted the prosecutor to question the witness with respect to an earlier misdemeanor conviction of Reel's. In affirming the decision of the court in *Reel*, this court explained the reason for the rule set out in Ark. R. Evid. 405(a) as follows:

The purpose of the cross examination of a character witness with respect to a prior offense is to ascertain the witness' knowledge of facts which should have some bearing on the accused's reputation. If the witness does not know that an accused was previously convicted of a crime, the witness' credibility suffers. If he knows it but then disregards it in forming his opinion of the accused, that may legitimately go to the weight to be given the opinion of the witness . . .

* * *

. . . By presenting a character witness an accused opens the door which would otherwise be closed. If he wants us to know what his reputation is, we must be able to determine the witness' awareness of the relevant facts.

288 Ark. at 191-192, 702 S.W.2d at 810-811.

■■ Here, Dodson's testimony that Gooden was "not that type of guy," is similar in nature to the character testimony given in *Reel*. Likewise, Dodson's character testimony opened the door for the state to inquire of Dodson's knowledge, or lack of knowledge, regarding Gooden's prior convictions, and such inquiries and testimony provided a means by which the jury could determine what weight and credibility it should give Dodson's opinion of Gooden.

Finally, Gooden contends that, at the very least, the trial judge should have given an admonitory instruction to inform the jury that it should consider the reference to Gooden's conviction only to the extent of Dodson's knowledge of Gooden and the weight to be given his opinion of Gooden's character. While this court has recognized limiting instructions in these circumstances to assist the jury in placing the testimony in its proper light, *Smith* v. *State*, 316 Ark. 407, 872 S.W.2d 843 (1994), Gooden simply failed to request such an instruction.

For the reasons above, we affirm.