Thomas James LOVELADY *v.* STATE of Arkansas

CR 96-259                                                931 S.W.2d 430

Supreme Court of Arkansas
Opinion delivered October 7, 1996

*Ed Webb*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The State charged that Thomas James Lovelady committed the crime of rape against his seven-year-old stepdaughter. The victim testified that Lovelady digitally penetrated her vagina and made her perform oral sex. Her testimony was corroborated. Lovelady testified that the prosecutrix had oral sex on him while he was asleep and that he stopped her as soon as he woke up. A jury found Lovelady guilty, and the trial court entered the judgment of conviction. We affirm that judgment.

Lovelady contends the evidence was not sufficient to sustain the conviction; however, he did not preserve the issue for appellate review. In his motion at the end of the State's case-in-chief, his attorney said, "[T]he defense would move that the charges against the defendant be dismissed on the basis that the State has failed to meet its burden of proof." Rule 36.21 of the Arkansas Rules of Criminal Procedure sets out the requirements for motions for directed verdict. In *Houston* v. *State*, 319 Ark. 498, 892 S.W.2d 274 (1995), we explained that to preserve a sufficiency argument for appeal, a party must "specifically state the element of the crime . . . which was the basis for his sufficiency motion." *Id.* at 500, 892 S.W.2d at 274. We have made it clear that the proof of the element of the crime that is alleged to be missing must be specifically identified in a motion for a directed verdict. *Walker* v. *State*, 318 Ark. 107, 883 S.W.2d 831 (1994). "The reason underlying our holdings is that when specific grounds are stated and the absent proof is pinpointed, the trial court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the

missing proof." *Id.* at 109, 883 S.W.2d 831 at 832 (quoting *Brown* v. *State*, 316 Ark. 724, 726, 875 S.W.2d 828, 830 (1994)). Here, Lovelady did not specify the proof alleged to be insufficient; consequently, the issue was not preserved for appellate review.

Lovelady next contends that the trial court erred in refusing to exclude the testimony of a witness. The point came about as follows. Lovelady was timely given a list of the State's witnesses. Then, two days before the trial was scheduled to start, the State added the name of Kathy Burns. Lovelady filed an objection to the State calling her. At a hearing on the objection, the prosecutor told the trial court that he had just been told about the witness and that she would not testify about any new facts. The prosecutor stated that the witness would testify she was the victim's second-grade teacher, that the victim told her about the crimes, and that she was the one who informed the Department of Human Services. The prosecutor stated that the testimony would be offered for the purpose of showing how the Department of Human Services became involved in the case. Lovelady's attorney argued that he would not have time to interview Ms. Burns. The trial court ruled that a two-day period remained for interviewing her and that two days was sufficient since the witness's testimony did not present any new evidence and was mostly cumulative to the testimony of other witnesses.

Under Rule 17.1(a) of the Arkansas Rules of Criminal Procedure, the prosecution is required to disclose to defense counsel the names and addresses of persons whom it intends to call as witnesses, as soon as it comes within its "possession, control, and knowledge." Ark. R. Crim. P. 17.1(a)(i). Sanctions for noncompliance with Rule 17.1 are provided by Ark. R. Crim. P. 19.7 and include excluding the evidence, ordering discovery, granting a continuance, or entering any other appropriate order under the circumstances. Here, the name of the witness came to the State's attention two days before trial, and it was immediately disclosed. Before making its ruling, the trial court weighed the point of the witness's testimony, whether it would seriously affect the accused's preparation for trial, and the time remaining before trial. The remedy for noncompliance, if any, was within the discretion of the trial court. Ark. R. Crim. P. 19.7. Under the facts of this case, we cannot say the trial court abused its discretion in refusing to exclude the testimony.

■ Lovelady's next point for reversal is procedurally barred. It arose as follows. Lisa Lovelady, appellant's wife at the time of trial, was called to the stand by the prosecutor and asked if she had a conversation with her daughter. Lovelady objected on the ground of spousal privilege, and the trial court sustained the objection. Lovelady argues that the trial court erred because it should have granted a mistrial on its own motion. Initially, we note that Lovelady received all the relief he requested. His objection was sustained. Ordinarily one cannot appeal from a ruling in his favor. *Carton* v. *Missouri Pac. R.R.*, 315 Ark. 5, 865 S.W.2d 635 (1993). Even so, Lovelady argues that the inference arising from the prosecutor's calling Lovelady's wife to the stand was so prejudicial that the trial court had a duty to order a mistrial on its own motion.

■ We have held that a motion for a mistrial should be granted when there is a "conscious and flagrant" attempt by the State to build its case out of inferences arising from the assertion of a privilege, *Foster* v. *State*, 285 Ark. 363, 687 S.W.2d 829 (1985), but we have never held that a trial court has a duty to declare a mistrial on its own motion when a prosecutor calls a witness in violation of a privilege and decline to so hold in this case. In Arkansas, we do not follow the "plain error" rule, under which plain errors affecting substantial rights may be noticed although they were not brought to the attention of the trial court. *Smith* v. *State*, 268 Ark. 282, 595 S.W.2d 671 (1980). We did not adopt the plain-error rule by the adoption of A.R.E. Rule 103(d). *Wicks* v. *State*, 270 Ark.781, 606 S.W.2d 366 (1980). The exceptions to our practice of requiring an objection were listed in *Wicks* v. *State*, and this case does not come within one of the exceptions. The prosecutor's calling Lovelady's spouse to the stand as a witness did not have such a substantial impact that justice could not be served by continuing the trial. *See Free* v. *State*, 292 Ark. 65, 732 S.W.2d 452 (1987).

Lovelady's final point for reversal involves a ruling excluding evidence. During cross-examination of the victim, defense counsel asked if Lovelady was the only person who had improperly touched her. She replied affirmatively. When asked if she remembered what her mother had done to her she said, "My mother never did anything to me." The State objected, and the court directed counsel to rephrase the question. Counsel asked, "Do you remember just before going to the hospital your mother hitting you in the face?" The prosecutrix replied, "My mother never hit me in the face. I

was jumping on the bed and hit my head on the headboard thing." The State objected, and the trial court sustained the objection on the ground that it was a collateral matter and not probative of truthfulness. Lovelady proffered the testimony of Jennifer Baker from the Department of Human Services that she saw the prosecutrix when she was bruised and did not think she hit her face on a headboard; she thought the child's mother hit her. Lovelady's attorney also proffered the court file showing that the child's mother pleaded guilty to the offense.

■ Whether the victim's mother struck the prosecutrix was plainly a collateral matter, in the accepted sense that Lovelady would not have been entitled to make such proof in his defense. *See* *Barnes* v. *State*, 287 Ark. 297, 698 S.W.2d 504 (1985). Since the matter was collateral, Lovelady was bound by the prosecutrix's answer. *Id.* at 299, 698 S.W.2d at 506. Even so, Lovelady argues that he had a right to cross-examine on specific incidences of character that go to truthfulness. It is correct that a witness may be impeached by questions on cross-examination of specific incidences of conduct that refer to character for truthfulness, Ark. R. Evid. 608(b), but specific incidences of conduct may not be proved by extrinsic evidence. Ark. R. Evid. 613; *Free* v. *State*, 293 Ark. 65, 732 S.W.2d 452 (1987). Thus, the trial court correctly ruled that the matter was collateral and not probative of truthfulness.

Affirmed.