Charles ALEXANDER *v.* STATE of Arkansas

CR 98-1412                                          983 S.W.2d 110

Supreme Court of Arkansas
Opinion delivered November 12, 1998

*Dana A. Reece,* for appellant.

*Winston Bryant,* Att'y Gen., by: *C. Joseph Cordi, Jr.,* Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. Appellant, Charles Alexander, was convicted of one count of first-degree murder for purposefully causing the death of Marquis Brown, and was sentenced to life in prison without possibility of parole. Appellant's sole issue on appeal is whether the trial court erred in allowing the testimony of Sharika Hubbard in light of the provisions of Ark. R.

Evid. 403 and 404(B). Appellant claims that allowing this testimony also violated his substantial rights and that we should consider this violation as an exception to our plain-error rule. Finding no errors, we affirm.

Because appellant does not challenge the sufficiency of the evidence, we limit our recitation of the facts. On the night of January 9, 1997, Marquis Brown was leaving an apartment. Appellant came from around the corner and began shooting a large caliber pistol. He fired the pistol as many as nine times, killing Marquis Brown. The State contends that appellant mistakenly killed Marquis Brown, believing he was David Dean.

Appellant argues that Sharika Hubbard should not have been permitted to testify, despite his failure to make a contemporaneous objection and preserve his argument for appeal. Prior to trial, the State notified appellant that they had a witness who was going to testify that she heard appellant threaten to harm David Dean. Appellant objected on the basis that her testimony was unrelated, and after further discussion the court stated that the testimony would be admissible "with what the Court knows at this time." During the trial, the State called Ms. Hubbard to the stand and appellant did not object to her testimony.

Appellant contends that his objection prior to trial was a continuous one. We disagree. The pretrial objection resulted in a preliminary or qualified ruling similar to that presented in *Byrum v. State*, 318 Ark. 87, 884 S.W.2d 248 (1994), where the trial court made a preliminary ruling and Byrum failed to object when the witness testified at trial. In the preliminary ruling in *Byrum*, the court stated, "I believe it is excited utterance *based on what I have heard about it so far*," *Id.* at 93, 252 (emphasis in original). Here, the court's statement that the testimony would be admissible "with what the court knows at this time" was clearly a preliminary or qualified ruling. To preserve the point for appeal, appellant was required to renew his objection when the testimony was elicited at trial. We will not review a matter on which the trial court has not ruled. In order to preserve a point for appellate review, a party must obtain a ruling from the trial court. *Jordan v. State*, 323 Ark. 628,632, 917 S.W.2d 164, 166 (1996). The bur-

den of obtaining a ruling is on the movant; matters left unresolved are waived and may not be raised on appeal. *Parmley v. Moose*, 317 Ark. 52, 57, 876 S.W.2d 243, 246 (1994).

Appellant next argues that the admission of Ms. Hubbard's testimony violated his substantial rights because her testimony had not been disclosed in discovery. Appellant relies upon our decision in *Bowden v. State*, 297 Ark. 160, 761 S.W.2d 148 (1988) which addresses the duty of the State to disclose statements made by the defendant. There, we reversed and remanded a capital murder conviction based on the State's failure to disclose oral statements made by the defendant. During the discovery phase of *Bowden*, the defense requested "any oral statements made by the defendant." *Id.* at 178, 158. The State only turned over statements made by the defendant to law enforcement. At trial, defense counsel objected to "any conversation the witness had with [the appellant]" The objection was overruled. *Id.* at 180, 158.

In the present case, appellant asked for disclosure of oral statements attributed to him, but unlike counsel in *Bowden*, appellant failed to object to the testimony given by Ms. Hubbard during the trial. Appellant objected, prior to trial, on the basis that her testimony concerned unrelated events and the court gave a preliminary ruling. Once Ms. Hubbard was on the stand and appellant heard her testimony, he did not object on the basis that the State had not complied with the disclosure requirement and that he had not received her statements. In fact, appellant did not object on any basis during the trial, and the issue is not preserved for appeal. *Parker v. State*, 333 Ark. 137, 152, 968 S.W.2d 592 (1998). To preserve an argument for appeal there must be an objection in the trial court that is sufficient to apprise that court of the particular error alleged. *Moore v. State*, 321 Ark. 249,252, 903 S.W.2d 154, 155 (1995). In *Rank v. State*, 318 Ark. 109, 883 S.W.2d 843, (1994) the prosecutor failed to disclose two witnesses during discovery. There, as here, no objection was made to the calling of the witnesses, thus the issue was not preserved for appeal. *Id.* at 116, 846.

■ Before the trial, appellant objected to Ms. Hubbard's testimony as "unrelated." At the trial, he did not object on any grounds, and he is precluded from raising on appeal the argument that the evidence was "prejudicial" or "misleading," nor can he change the rationale for exclusion of the evidence to that of discovery violations. Appellant failed to make a contemporaneous objection and the issue is not preserved for appeal.

■ Relying on *Green v. State*, 330 Ark. 458, 956 S.W.2d 849 (1997), appellant argues that he did not need to object to Ms. Hubbard's testimony because of the exception to the requirement of an objection to preserve an issue for the court's review under Ark. R. Evid. 103(d). Our decision in *Green* does not support appellant's argument. There we interpreted the language of Ark. R. Evid. 103(d) in the context of Green's contention that an argument not raised to the trial court should be reviewed by us under Ark. Sup. Ct. R. 4-3(h) in our search of the record for reversible error in life cases. We noted in *Green* that Ark. R. Evid. 103(d) "provides that nothing in the rules precludes taking notice of errors affecting substantial rights though they were not brought to the attention of the trial court" and further stated that "Green's argument could not be salvaged by the language of Rule 103(d) of the Rules of Evidence. This court has previously held that this language does not authorize review of plain error. *See, e.g., Lovelady v. State*, 326 Ark. 196, 931 S.W.2d 430 (1996). This issue is barred from our review." *Id.* at 469–70.

Appellant seeks to distinguish his argument from that in *Green* by asserting that the alleged error in this case fits into the fourth exception discussed in *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980), where we stated:

> A fourth *possible* exception *might arguably* be asserted on the basis of Uniform Evidence Rule 103(d): "Nothing in this rule precludes taking notice of errors affecting substantial rights although they were not brought to the attention of the court." Ark. Stat. Ann. 28-1001 (Repl. 1979) [now Ark. R. Evid. 103(d)]. That statement, however, is negative, not imposing an affirmative duty, and at most applied only to a ruling which admits or excludes evidence.

*Id.* at 786–88, 370 (emphasis added).

■ We note that appellant's preliminary objection to Ms. Hubbard's testimony was brought to the attention of the court. The preliminary objection made to her testimony at pretrial was not based upon the same grounds that appellant now asserts, and appellant failed to make a proper, contemporaneous objection during trial. We have narrowly defined the exceptions outlined in *Wicks*, and we decline to expand those exceptions.

We also note that appellant filed a Motion to Supplement the Record which was denied on October, 29, 1998. Our conclusion in this matter is based solely on the briefs, record, and abstracts filed with the clerk.

The record has been examined in accordance with Ark. Sup. Ct. R. 4-3(h). No other rulings adverse to appellant which constitute prejudicial error are found.

The trial court is affirmed.